## WITHERS'S HEIRS *vs.* HIS EXECUTORS.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

An emancipated minor has a right to receive the balance of his estate in money or notes in the hands of his tutor, without the intervention of a family meeting.

By a judgment of the Court of Probates, the executors of Withers were directed to pay over to one of the heirs (a minor emancipated by marriage) her proportion in the testator's estate, consisting of money and notes.

From this judgment the executors appealed.

*Slidell*, for appellant. *Seghers*, for appellee.

*Martin, J.* delivered the opinion of the court.

M. Gordon and Thomas S. Kennedy, two of the executors, are appellants of a judgment by which Margaret Withers, one of the heirs, has recovered, and the executors are directed to pay over to her and her husband, who is with her a party to the suit, a large sum in money and notes, being her share in the testator's estate, although she and her husband be under

age, while the account of Martin Gordon, one of said executors, who was her tutor, until her emancipation by marriage, shows a large amount disbursed by said Gordon, who has a right to retain in his hands whatever balance may appear due to him ; and their counsel has also denied and prayed the opinion of this court on the right of an emancipated minor to receive the whole amount of his estate in money and notes, and to discharge the executors of his ancestor and his tutor, without the interference of a family meeting.

By the *Civil Code*, 373, the minor who is emancipated, has the full administration of his estate, and may pass all acts which are confined to such administration, grant leases; receive his rents and moneys which may be due to him, and give receipts for the same.

In this article, of the code of 1808, which is the 94th, page 74, the debts the minor might receive were, it is urged, those which became due to him in the administration of his estate, or by the sale of the produce of his land, and the receipts he was authorised to give were such as were confined to his said administration. For the article which there preceded, shows that he was not to receive the balance in the hands of his tutor or curator ; for this was to be laid out, immediately on his emancipation, on some property, moveable or immoveable, that might yield him a revenue. This was, indeed, to be done by the minor himself or assisted by a curator *ad hoc*, appointed by the judge and with the previous advice of the family meeting, touching the advantage or disadvantage of such a purchase, *art.* 90, *p.* 74. The sound construction of this article we think to be that the curator was to retain the purchase money till the purchase was agreed on and assented to, and then he was to pay the money to the vendor. This construction is the most beneficial to the minor, as it preserves to him the responsibility of the curator, his real estate and his sureties, till the funds were represented by the property purchased.

The jurisconsults, by whom the amendments to the former code were prepared, appear to have been of opinion that this 90th article had become superfluous, since it had been ordered

that the property of minors should be preserved in kind, *Additions and Amendments,* 29. It seems to have escaped their attention and that of the legislature, that active debts often constitute a considerable proportion of many estates. As to these, the article 90 was evidently an essential one ; but if the legislature fail to make provision, or repeal that existing in certain cases, this does not authorise courts of justice to do it, or provide other provisions in such cases.

The office of curator expires on the emancipation of the minor. The latter is then put in possession of his estate, and the law authorises him to administer it, *Id.* 373. Without the authority of the judge, or the advice of a family meeting, he cannot alienate his land or slaves, *Id.* 376. ' Hence with it he may. He cannot dispose of any property, real or personal by donation *inter vivos,* unless by marriage contracts in favor of his wife, *Id.* 377. Hence he may alien his personal property.

The code, therefore, seems, with regard to his estate, to impose no incapacity on the emancipated minor, except as to the alienation of land and slaves, by a gratuitous or onerous title, and the alienation of his moveable property by a gratuitous title. The courts cannot, therefore, consider him under any other incapacity. In the present case, the property claimed, exceeds fifty thousand dollars. It is her whole estate. The receipt of it leaves that sum in her hands, and those of her husband, liable to all the accidents which attend the possession of property in the hands of an emancipated minor. She might not sell an old slave not worth two hundred dollars, and she may alien those fifty thousand dollars without restraint. For money is not susceptible of any administration, except by alienation. This is certainly an anomaly in our law ; but it is thus written.

The curator has a lien on the estate of the minor. He cannot, therefore, be compelled to part with it, without retaining his advances.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and

EASTERN DIST.
*February,* 1832.

WITHERS'S HEIRS
*vs.*
HIS EXECUTORS.

An emancipated minor has a right to receive the balance of his estate in money or notes in the hands of his tutor without the intervention of a family meeting.

EASTERN DIST. reversed, and the case remanded with directions to the judge
*February*, 1832. to audit and settle the accounts of executors, to allow him his
NICOLET ET ALS. legal advances, and give judgment for the balance in favor
*vs.*
INSURANCE CO. of the minor ; the costs to be paid by the estate, and those
of appeal to be paid out of the minor's portion in said estate.