*Eastern Dist.*
*March*, 1832.

GRIGSBY ET ALS.
*vs.*
LOUISIANA
BANK.

Neither does it amount to an eviction, if a survey be made of that portion of the tract which *was* confirmed.

. It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

---

## GRIGSBY ET ALS. *vs.* LOUISIANA BANK.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

A minor, emancipated by marriage, may dispose of, and alienate his moveable property, without the consent of a family meeting, or the authority of the judge.

This suit was brought by a minor, emancipated by marriage, to compel the defendants to transfer certain shares of bank stock, standing in the name of the plaintiff, and which the latter had alienated to one Grigsby. The bank refused to make the transfer, on the ground that a minor could not alienate her moveable property.

There was judgment for the plaintiffs in the court below, and the defendants appealed.

*Denis*, for appellant. *Preston*, for appellees.

EASTERN DIST.
March, 1832.

GRIGSBY ET ALS.
vs.
LOUISIANA
BANK.

*Porter, J.* delivered the opinion of the court.

This case presents, for our decision the question, whether a minor emancipated by marriage, can dispose of and alienate her moveable property, without the advice and consent of a family meeting, and the authority of the judge.

The judge below was of opinion she could. We agree with him ; and we assent to the reasoning on which he expressed that opinion.

The 376th article of our code, declares that " the emancipated minor can neither alienate, affect, nor mortgage his *immoveables* or *slaves* without the authority of the judge, which can only be granted with the advice of a family meeting, &c."

The 377th provides, " that the emancipated minor has no right to dispose of his *moveables* or *immoveables* by donation *inter vivos*, unless it be by marriage contract, in favor of the person, to whom he is to be married."

The argument *a contrario sensu*, as we think, we have remarked on another occasion, is not always true in the interpretation of laws, particularly when applied to a subject which cannot be presumed to have been within the consideration of the legislator, at the time the law was passed. But from the provisions, already cited, it appears impossible to resist the conclusion that the subject of the minor's authority over his moveable property, was considered by the legislature, and that they intended he should have the power to alienate it. It cannot be believed that, when they were prohibiting the alienation of his immoveable property, they would not have also prohibited the alienation of his moveable, if they considered it politic to extend the restriction so far.

And if any doubt could exist as to their intention, it is removed by the next article, where they limit his authority over moveables, by declaring he shall not make a donation of them. This implies most strongly, that without this prohibition, he might have made a donation of them ; as it also implies they did not think proper to deprive him of the authority to alienate them for a valuable consideration. For

if they intended to do so, why confine the restriction to donations *inter vivos*.

The only difficulty, which the case presents, arises out of the provisions of the 373d article of our code. It enumerates what acts the minor emancipated may do, and it states them to be the full administration of his estate, and the passing of all acts which are confined to such administration, &c.

The power of *pure* administration does not, it is believed, include that of alienating, and we observe that in the Napoleon Code, from which ours was principally taken, the authority of the emancipated minor is confined to acts of that description. Our legislature has not thought proper to adopt the legislation; but has declared the minor shall have the *full* administration of his estate. Hence we conclude, they intended to leave him the authority to alienate moveables; because it is necessary to a full administration of property of that description, that he should have such authority. Objects of this kind, at least many of them, are perishable in their nature; they fluctuate in value; they are, taken separately, of small amount; and we conclude the law contemplated they might be disposed of, without calling a family meeting in each instance. Taking the whole legislation together, we give effect to its obvious intent, in deciding that the minor may dispose of his moveable effects. There is a reason, peculiar to this case, which renders it proper. The plaintiff has exchanged her bank stock for slaves, and, in doing so, has made an acquisition of property which she will not be able to alienate, until she arrives at the age of majority.

A minor, emancipated by marriage, may dispose of, and alienate his moveable property without the consent of a family meeting, or the authority of the judge.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.