(80 South. 589)

No. 23316.

HANNA et al. v. SINCLAIR.

(Jan. 6, 1919.)

*(Syllabus by the Court.)*

INFANTS ⬤⟳40 — MINORS — EMANCIPATION — SALE BY AUCTION—STATUTE.

Save in the exceptional cases, specially provided by law, the immovable property of a minor, whose emancipation, by notarial act, has conferred on her only the power of administration, cannot be sold in any other manner than that required in the case of an unemancipated minor, to wit, at public auction, as provided by Civ. Code, art. 341.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Suit by Miss Cleo Hanna and others against Mrs. J. A. Sinclair. Judgment for plaintiffs, and defendant appeals. Judgment annulled, and suit dismissed.

John R. Perez, of New Orleans, for appellant.

Dart, Kernan & Dart, of New Orleans, for appellees.

### Statement of the Case.

MONROE, C. J. Plaintiff (Miss Hanna), having attained the age of 15 years, was emancipated by notarial act, at the instance of her surviving parent, and she and Mrs. Schuler (coplaintiff) as owners in indivision of a certain piece of real estate in New Orleans, agreed to sell it to the defendant herein for $5,000, of which $2,000 were to be paid in cash and the balance in secured notes bearing interest at 7 per cent.; it being understood that defendant was to accept the title upon Miss Hanna's taking the steps required for its validity. To which end a family meeting was convened, at the instance of Mrs. Hanna (surviving parent), which, after consideration, appraised the property at $5,000, and advised that it be sold by private act at that price, and other-wise upon the terms already agreed on, and, the proceedings having been homologated by the court, the title was tendered to defendant, who declined to accept it, on the ground that the law requires the real estate of a minor to be sold at public auction for "not less than the amount of its appraised value mentioned in the inventory," unless otherwise ordered by the judge. Whereupon this suit was brought to compel the acceptance, and there was judgment condemning defendant to accept, or in the alternative to pay, $5,000, with 8 per cent. interest from July 10, 1918, from which she has appealed. It was admitted that the property had been appraised, some ten years before, in the succession of Charles H. Hanna, at $5,000.

### Opinion.

The Civil Code declares that all persons have the capacity to contract except those whose incapacity is specially declared by law. "These are persons of insane mind, those who are interdicted, minors, and married women." Article 1782. The general rule as to minors, therefore, is that they are incapable of contracting; and other articles of the Code declare that their immovable property shall not be alienated or mortgaged save by an order of the judge, based upon the advice of a family meeting to the effect that such alienation or mortgage is an absolute necessity or of evident advantage to the minor, in which case, and in the event a sale is recommended, he may authorize it to be "made at public auction, after having been duly advertised in the manner required for other judicial advertisements." Civ. Code, arts. 339, 340, 341.

The only exception to the rule, that the property must be sold at public auction, is where the purpose is to effect a partition, and that exception is made by express statute (Act 50 of 1912, amending and re-enacting section 2667, Revised Statutes, and Act

25 of 1878), which provides that it may be sold at private sale, for its appraised value, as to the interest of the minor, which, with the terms of the sale, is to be fixed by a family meeting.

There are, however, other provisions of the law, pursuant to which a minor may be, either in part or wholly, relieved of the disabilities to which, in general, he is thus subjected. At the age of 15, he may, to the extent necessary to vest in him the power to administer his property, be emancipated by a declaration to that effect by his parents or surviving parent, in the form of an authentic act. Civ. Code, art. 366. But, though thus emancipated, he can neither alienate, affect, nor mortgage his immovables without the authority of the judge, which can only be granted with the advice of a family meeting, and in case of absolute necessity or of certain advantage. Civ. Code, art. 373. And there is nothing in the law which confers upon either the family meeting or the judge the power to authorize the sale of such property, save in the manner provided by Civ. Code art. 341, which declares that—

"The sale of the property of the minor shall be authorized by the judge, and made at public auction," etc.

It is true that, where the emancipated minor has become engaged in trade as a public merchant, he is considered to have arrived at the age of majority for all the acts which have any relation to such trade. Civ. Code, art. 376. It is also true that it has been held by this court that the authority to sell movables is included in the power of administration. Withers' Heirs v. His Executors, 3 La. 365; Grigsby et al. v. Louisiana Bank, 3 La. 491. But we find nothing in either the law or the jurisprudence which (save in the exceptional case mentioned) sustains the view that the immovable property of a minor, whose emancipation by notarial act has conferred on her only the power of administration, can be sold in any other manner than that required in the case of an unemancipated minor, to wit, at public auction as provided by Civ. Code, art. 341.

It is therefore ordered that the judgment appealed from be annulled, the demands of the plaintiff rejected, and this suit dismissed at her cost.

DAWKINS, J., takes no part.