## WILKINSON *v.* STANBROUGH.

It is only when the husband is absent from the State, that a judge can authorize his wife to make contracts.  C. C. 129, 3522 § 3.  Absence from the parish, is not enough.

APPEAL from the District Court of Madison, *Curry*, J.  The judgment of the court was pronounced by

KING.  *Sarah Hinkston*, the original plaintiff in this cause, claimed from the defendant four fractional sections of land, described as lots nos. 11, 12, 13 and 14, in township no. 16, range 12 east, containing each one hundred and sixty superficial acres, more or less, alleging that she had acquired them, by purchase, from the United States, on the 4th day of June, 1833, under an act of Congress of 1830.  During the pendency of the action she died, and at the next ensuing term of the court, *Wilkinson* intervened in the suit, and caused himself to be substituted for the party plaintiff, upon exhibiting a sale from the original plaintiff to him of all her rights to the land in controversy.  The defendant claims two of the sections by purchase from *James Cable*, on the 4th September, 1835, and the other two under a sale from *James Douglass*, of the 30th November, 1835.  Both of his vendors have died since the dates of their sales to him, and their representatives are called in warranty.  The cause was submitted to a jury who gave a verdict for the defendant, in conformity with which a judgment was rendered, from which the plaintiff has appealed.  The plaintiff claims under a sale from *Sarah Bray*, wife of *John Hinkston*, executed on the 3d day of August, 1839, by which she conveyed to him the entire lot 12, and an undivided fifth of the lots 11, 13 and 14.

It is objected to this act that, it was executed without the authorization of *John Hinkston*, the husband of the vendor, and that the authorization to contract, granted by the judge, was illegally given.  *Sarah Hinkston* applied by petition to the parish judge of Madison, for authority to sell all her rights to the land in controversy, representing that her husband was, as she believed, absent from the State, and did not intend to return.  The judge, after hearing witnesses, gave the authority asked for, on the ground, stated in his order, that *Hinkston* was *absent from the parish.*

The provisions of the Code, in relation to the disabilities of married women, are clear and explicit.  The wife, not separated from bed and board, can only alienate her property with the concurrence of her husband.  If the husband refuses to empower the wife, she may cause him to *be cited* to appear before the judge, who may authorize her to act, after the husband *has been heard*, or *has made default.*  Or, if the husband be absent, the judge may, when satisfied of that fact, authorize the wife to make contracts.  Civil Code, arts. 124, 127, 129.  The absence referred to in article 129, means absence from the *State.*  Civil Code, art. 3522, § 3.  In the present instance the judge based his decree upon the *absence of the husband from the parish*—not from the State.  The husband was not cited, nor was he heard upon the application.  The decree is illegal upon its face, and null.  It was granted improvidently, and conferred upon the wife no power to alienate the property, of which she claimed to be the owner.

The defendant has exhibited titles in himself to the land in controversy, derived, by mesne conveyances, from those who purchased from the government.

Under these he has held possession in good faith, uninterruptedly, since 1835. WILKINSON *v.* STANBROUGH. Various objections to them have been urged, into which it is needless to inquire, as the plaintiff can only recover on showing the superiority of his own title, in which he has failed. A general judgment was rendered in the court below in favor of the defendant, whereas, in our opinion, there should have been a judgment of nonsuit only. In this respect the decree of the court must be corrected.

It is therefore adjudged that the judgment of the District Court be annulled and reversed. It is further decreed that, there be judgment against the plaintiff as in case of nonsuit, the appellee paying the costs of this appeal, and the appellant those of the court below.

*Amonett* and *H. W. Dunlap*, for the appellant. *J. Dunlap, Stacy* and *Sparrow*, for the defendant.