Saunders et al. vs. Burns.

## No. 9654.

### MARY L. SAUNDERS ET AL. VS. SALLIE E. BURNS.

A suit against a married woman should be brought against her and her husband.

It is only in case the husband is absent or refuses his authorization that the judge can validly authorize the wife to stand in judgment alone.

In this case, the husband was not sued and has not appeared. There being no allegation or pretense that he was absent or had refused, the judge's authorization was invalid.

The vice was not cured by going to trial without excepting on this ground. The objections to evidence on the ground that the wife was not legally authorized to stand in judgment should have been sustained.

Under Article 606, C. P., the judgment, however rendered, was subject to nullity.

APPEAL from the Eleventh District Court, Parish of Natchitoches. *Pierson, J.*

*Watkins, Scarborough & Carver* for Plaintiffs and Appellees:

1. The incapacity of the wife is removed by the authorization of the husband or the judge. R. C. C. 1786.

   The objection is waived by previous *plea* and *answer*, in which the husband joined, and could not thereafter be urged by way of objection to the introduction of evidence. C. P. 107, 118; 14 Ann. 805; 10 Ann. 504; 9 Ann. 216; 5 Ann. 369.

2. The individual creditor may exercise the revocatory action after he has obtained a final judgment against his debtor, without making his debtor a party. R. C. C. 1972, 1975.

   The defendant's objections were dilatory in their character, and should have been specially plead and previous to answering to the merits.

3. The defendant must be restricted to proving the price or consideration mentioned in the mortgage and *dation*. Chaffe vs. Sheen, 34 Ann. 689; R. C. C. 1900.

4. As there was, and is, in existence a matrimonial community, property purchased in the name of either of the spouses falls into it and forms part of it, unless the married woman asserting title makes full and conclusive proof as against husband's creditors. R. C. C. 2402; 29 Ann. 583; 15 Ann. 119; 26 Ann. 552; 20 Ann. 531, 206; 24 Ann. 295, 521; 32 Ann 454, 611; 33 Ann. 806.

5. Recitals in the acts of sale are of themselves no proof of the amount of the consideration paid, nor by whom same was paid. 12 La. 302; Demsley vs. Pollock, 7 N. S. 460; Buisson vs. Thompson; 33 Ann. 609, Angele vs. Soulie.

6. A wife's *dation* from her husband, in satisfaction of his indebtedness to her, without an *adequate* and *legitimate* consideration, is in violation of a prohibitory law and void R. C. C. 2446; 4 Ann. 65; 1 Ann. 301; 2 Ann. 483; 7 Ann. 82; 11 Ann. 265; 21 Ann. 466; 4 La. 421; 30 Ann. 750; 5 Ann. 594; 23 Ann. 439.

7. The defendant had no right to demand or receive interest on the debt her husband owed her during the existence of the community. R. C. C. 2386, 2402; 19 La. 581; 3 Ann. 611.

*Jack & Dismukes* for Defendant and Appellant:

No valid judgment, annulling as simulated *a dation en paiement* made by the husband to the wife, can be pronounced against the wife *sui juris* and alone, in the absence of averments of his inability or refusal to act; and where the petition itself charges that the wife is not separate in estate from him, and that he is present in the parish and fails to pray that he be cited with her or be made a party in any way.

In such a case there is neither right nor cause of action disclosed, and the vice is so glaring and fundamental that it may be brought to the attention of the court by exception before or after issue joined, by objections to evidence, by plea or suggestion on appeal, and even after the right of appeal has lapsed by direct action of nullity brought by the wife,

the husband or the heirs; moreover, the court may and should *ex-officio* notice and declare the nullity. C. P. art. 606; 3 N. S. 498; 2 Ann. 3, 806; 12 Ann. 350; 14 Ann. 165 15 Ann. 628; 23 Ann. 323; 28 Ann. 840; 12 Ann. 239; 18 Ann. 735; 29 Ann. 600; C. P. arts 604 and 609.

"When one intends to sue a married woman for a cause or action relative to her own separate interest, the suit must be brought both against her and her husband. Should the husband be absent, the plaintiff must demand that she be authorized by the judge before whom the suit is brought to defend it alone." C. P. art. 118.

The judge cannot authorize the wife to defend a suit if the husband be not absent or interdicted or does not refuse to authorize her. 11 Ann. 69; 24 Ann. 141; Manning's Unreported Cases, p. 65.

Where the husband is made a party and joins in the answer or suffers default to be confirmed against him, after being duly cited, his authorization of the wife is legally inferred, *aliter*, is not made a party and not cited. 28 Ann. 403; 29 Ann. 749 ; 34 Ann. 1048.

In a suit to annul or to revoke a sale of an immovable for simulation or fraud, the vendor is a necessary party. 31 Ann. 239, 196; 32 Ann. 91; 13 L. 503; 10 R. 387; 8 Ann. 386.

Actions to annul *a dation en paiement*, made by the husband to the wife for fraud and simulation, combine the elements both of the revocatory action and of the action *en declaration de simulation*, and where more than one year has elapsed between the execution and registry of the transfer and the date of service of citation in the suit, the features of the revocatory action, such as inadequacy of price, undue preference, and others peculiar to that proceeding, may be eliminated by the plea of prescription of one year, leaving the issue as one of simulation *vel non*. 2 Ann. 659; 3 Ann. 248; 4 Ann. 36; 6 Ann. 87, 439; 7 Ann. 298; 12 Ann. 889; 14 Ann. 106; 24 Ann. 124, 246; 30 Ann. 749, 966; 31 Ann. 594; 34 Ann. 347, 883.

The object and effect of the proceeding thus eliminated of the elements of the revocatory action, is to unmask the title in favor of all the creditors, indiscriminately, and this presupposes that the act never had anything more than a mere semblance of existence, and that it was wholly without just cause or consideration. 37 Ann. 308; 11 Ann. 168, 265.

When an actual consideration, no matter how inadequate, has been paid by the purchaser in an alleged sale, it is not a simulation, and should the consideration be different from that stated, it suffices, if it be a valid one. 32 Ann. 94; 1 Ann. 132; 2 Ann. 323, 913, 959; 4 Ann. 36; 8 Ann. 431; 12 Ann. 173; C. C. art. 1900.

The husband may make a *dation en paiement* to his wife for a legitimate cause, such as the replacing of her paraphernal effects, whether her claims are liquidated by judgment or secured by mortgage or not. C. C. art. 2446; 33 Ann. 518, 532; 30 Ann. 745; 8 Ann. 485.

"A succession is acquired by the legal heir immediately on the death of the person to whom he succeeds." C. C. 940.

"Property adjudicated to a married heir at a succession sale and paid for out of her heritable share, becomes her separate property, and does not fall into the community between her and her husband." 33 Ann. 425; 34 Ann. 1047; 2 Ann. 930; 14 Ann. 722; 5 Ann. 742; 6 Ann. 803; 20 Ann. 40.

Where it is shown that the husband actually received and appropriated the paraphernal funds of the wife, the creditors are not concerned as to how or why she received the property. 36 Ann. 217.

A judgment not attacked for fraud is *prima facie* good as to third parties. 20 Ann. 266; 5 Ann. 401; 4 Ann. 135; 17 L. 205; 15 L. 59.

"The wife has, during marriage, a right of action against her husband for the restitution of her paraphernal effects and the fruits of them." C. C. 2390, 2391, 2387; 35 Ann. 806.

The settled jurisprudence in regard to the wife's paraphernal property is, that the husband is presumed to exercise administration until the contrary be shown, and that in all cases the burden of proof is on those who have an interest to contest it. 16 Ann. 145; 33 Ann. 164.

When there is no evidence showing that the wife administered her paraphernal property separate and alone, it is the presumption that the husband used tho funds as his own. 18 Ann. 588; Ibid, 105; C. C. 2362. 2363.

The rule announced in 33 Ann. 609, that declarations of the husband and wife, contained in notarial acts, are no legal evidence of the facts they state, applies to their declarations made *inter sese*, and does not mean that recitals contained in judgments and sheriffs' deeds must be proven *aliundo*.

The opinion of the Court was delivered by ·

FENNER, J. This action is brought by plaintiffs, who are judgment creditors of Geo. W. Thompson, against his wife, Sallie E. Burns, to annul, as fraudulent simulations, a special mortgage and subsequent *dation en paiement* made by Thompson to his said wife, in fraud of his creditors.

The action is brought against the wife alone. The husband is not cited or made a party and no relief is asked against him.

Serious objections are urged against the sufficiency of the authorization of the wife to enable her to stand in judgment.

Article 118, C. P., says: "When one sues a married woman for a cause of action relative to her own separate interest, the suit must be brought both against her and her husband. Should her husband be absent, the plaintiff must demand that she be authorized by the judge to defend it alone."

The suit was not brought against her and her husband. There was no demand for the judge's authorization. There was no allegation showing or pretense that the husband was absent or that he refused to authorize his wife.

The law is clear and this Court has distinctly held that the judge cannot authorize the wife, when the husband is not absent and has not refused to give his authorization. Delacroix vs. Hart, 24 Ann. 141. Hence the judge's authorization in this case was illegal and insufficient to enable the wife to stand in judgment.

It is claimed, however, that this defect was cured by the appearance of the husband conjointly with the wife in the filing of an exception of *lis pendens*. But we find no such appearance. It is inferred solely from the fact that the exception begins. "Now come the *defendants*, etc." No mention is made of the husband or of his authorizing the wife, and as he was not a defendant or a party in any mode, we see not how the mere use of a plural can be construed as including him.

The answer of the defendant wife, under which issue was joined and all further proceedings had, was filed exclusively in her own name, without reference, direct or indirect, to her husband. We think this defect invalidates the whole proceeding.

Her failure to except on this ground cannot cure the vice. Even her unauthorized confession of judgment would be invalid. Art. 606, C. P., (see Delacroix vs. Hart, 24 Ann. 141), declares the nullity of a judgment, "if rendered, even contradictorily against a person disqualified by law from appearing in a suit, as a married woman without the authorization of her husband or of the court."

The defendant called attention to the fatal defect of the proceedings by objecting to all evidence, on the grounds that she was a married woman, that her husband had not been joined or cited, that he was not absent and that the judge's authorization was insufficient.

The objections were valid and should have been sustained.

Further objection was made on the ground that the husband was a necessary party in his own right. As we shall remand the case, we mention it for the purpose of saying that we consider it a serious one, and that the *dictum* of certain decisions that in an action to annul a contract for fraud or simulation, it is not necessary to make the original debtor a party when the debt is reduced to judgment, is not free from doubt as to its correctness and rests on authority slighter than is generally supposed.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed, and that the case be remanded to the lower court, in order that the husband of defendant may be cited and for further proceedings according to law, plaintiff and appellee to pay costs in both courts thus far incurred.