No. 3287

Second Circuit

HENRY v. CATLETT

(December 19, 1929.  Opinion and Decree.)
(March 12, 1929.  Rehearing Refused.)
(April 22, 1929.  Writ of Certiorari and Review Refused by Supreme Court.)

Thomas W. Leigh, Theus, Grisham and Davis, of Monroe, attorneys for plaintiff, appellee.

Dawkins and Dawkins, of Monroe, attorneys for defendant, appellant.

WEBB, J.  Plaintiff, J. R. Henry, holder

of a note drawn by defendant, Mrs. E. K. Catlett, wife of H. D. Catlett, on May 27, 1920, for fourteen · hundred dollars, bearing eight per cent per annum interest from date and stipulating for ten per cent attorney's fees, payable to the drawer's order one year after date and by her indorsed in blank, brought this action to recover judgment for the amount of the note, interest and attorney's fees, and defendant appeals from a judgment against her for the full amount claimed.

The defense set up by Mrs. Catlett was that the note was, to the knowledge of plaintiff, given for an indebtedness due by her husband, representing a part of the purchase price of property alleged to have been acquired by H. D. Catlett from plaintiff, J. R. Henry.

The evidence established that H. D. Catlett had conducted negotiations with J. R. Henry for the purchase of certain real estate; that the price agreed on for the property was sixty-five hundred dollars; and the plan agreed upon for the transfer of the property and payment of the price was that J. R. Henry should transfer the property to the Monroe Building & Loan Association for five thousand dollars, cash, and that the building and loan association would transfer the property to Mrs. E. K. Catlett for five thousand dollars on terms of credit, represented by notes secured by mortgage on the property, and that J. R. Henry would be paid one hundred dollars and given a note drawn by Mrs. Catlett for fourteen hundred dollars secured by a second mortgage on the property transferred to her by the building and loan association, and in pursuance of the plan J. R. Henry transferred the property to the building and loan association, which, in turn, transferred it to Mrs. Catlett, who then presented a petition to the District Court to be authorized to borrow fifteen hundred dollars and secure same by a mortgage on the property acquired from the building and loan association, and under the authorization she executed the note here sued upon and which defendant now pleads was given for her husband's debt, incidentally attacking the authorization of the court on the ground that she was not examined separately and apart from her husband.

At the time of the negotiations for the transfer of the property and transactions in connection therewith, Mrs. Catlett was separate in property from her husband and owned considerable property, and she was not incapacitated from contracting when authorized by her husband (article 122, C. C.), and it appearing that her husband authorized her in the various transactions by which she acquired the property transferred by plaintiff, we do not deem it necessary to consider the attack made upon the authorization, in the light of the real transaction, as the authorization of the husband was sufficient and the authorization of the court unnecessary (articles 122, 124, C. C.; Wilkinson vs. Stansborough, 1 La. Ann. 264; Saunders vs. Burns, 38 La. Ann. 367); and we pass to the consideration of the question as to whether or not the note was a debt of the husband, or of the wife, the drawer of the note.

While the question may, in its last analysis, involve the title to real estate, which is ordinarily conclusively determined by the act of transfer as against all parties who have not the written acknowledgment of the apparent vendee to the contrary (Barrow vs. Grant's Estate, 116 La. 954, 41 So. 220 and authorities cited), yet conceding the rule would not prevent the wife, although separate in property from

her husband, from showing, by parol evidence, that the title taken in her name was for the benefit of her husband, and that a note given by her for the purchase price was for the debt of the husband, we are of the opinion her right to do so should be restricted to instances in which her consent had been extorted from her by coercion, and where the property had been sold for a debt due by the wife long after the transaction, of which she complains, as in the present instance, that the vendor had knowledge of the coercion of the husband by which her consent was extorted.

The plaintiff in contracting with the defendant was bound to look to her capacity to contract, and could not hold her where her consent had been obtained through the coercion of her husband. However, the evidence showing that defendant was separate in property from and that she was authorized by her husband, her capacity to contract is established, and the only question to be further considered is whether or not her consent was extorted by the coercion of her husband.

There is not any proof of any act of the husband which could be said to show coercion, much less that plaintiff had any knowledge or reason to even suspect that defendant's consent to contract was not freely given, and while the defendant and her husband state that the purchase of the property was for the benefit of the husband, and he states that plaintiff had knowledge of such fact, which is denied by plaintiff, there is not any evidence that plaintiff was in any manner a party to any understanding or agreement between the husband and wife that the property would be purchased by the wife for the benefit of the husband, and whatever may have been the agreements between the husband and wife, whether legal or illegal, or enforceable or unenforceable, as to the relations which they would sustain, as between themselves, relative to property purchased by the wife, could not affect the vendor, or plaintiff here, as to his right to proceed against the wife who was capable of contracting, and did contract, and whose consent is not shown to have been extorted through any coercion by her husband.

The judgment appealed from is therefore affirmed.