556

HEIRS OF ENRIQUE DE JESÚS, Plaintiffs and Appellants, *v.* HEIRS OF PLINIO L. CASTRO, Defendants and Appellees.

No. 8712. Argued June 17, 1943.—Decided November 16, 1943.

*Luis Mercader* for appellants. *Federico Acosta Velarde* and *Mariano Acosta Velarde* for appellees.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The heirs of Enrique de Jesús, who are his widow Juana Barada Cruz and his minor daughter Nuvia de Jesús y Barada, have appealed from a judgment rendered by the District Court of Arecibo dismissing their complaint wherein they sought the annulment of a judgment rendered by that same court, in 1931, in an action brought by Plinio L. Castro against said heirs regarding the execution of a deed. In the said action the defendant heirs, although summoned, failed to answer the complaint and their default was noted.

The court held a hearing and rendered a decision, adjudging them to execute a deed of sale of a house which, as alleged and proved, the predecessor in interest of the heirs had sold to Castro for $400. The heirs took no appeal from that judgment and defendant Juana Barada Cruz, for herself, and on behalf of her minor daughter, appeared before Notary Diego E. Ramos and, pursuant to the judgment rendered, executed a deed of sale in favor of Castro.

In the present action the heirs of De Jesús alleged that the former judgment is void, (1) because the court did not acquire jurisdiction over the person of Juana Barada, as neither she nor her minor daughter had been duly summoned; (2) because the court admitted evidence which was inaccurate and uncertain; and (3) because Enrique de Jesús had never entered into any contract of sale with Plinio Castro.

The lower court held that the present action constituted a collateral attack against the former judgment, and that "as it has been proved by the record of the suit and other evidence that the court had jurisdiction over the persons and the subject matter of the case . . . to try the same and render judgment . . ., and as it appears, moreover, that said judgment has been satisfied ever since the year 1931, such a final (firme) decision can not be attacked because of error in passing upon the merits or because of the insufficiency of the evidence . . . "

Although the appellants have assigned several errors, we think that the essential question to be decided in this appeal is whether or not the lower court erred in holding that it had acted with jurisdiction in rendering the former judgment.

The appellants maintain that, as it had been proved that Juana Barada, widow of Enrique de Jesús, was only 16 years of age at the time she was summoned, she required the consent of her parents to defend the action, and that by

the mere fact that she had been summoned her failure to appear did not vest the court with jurisdiction to hear and determine the case on default.

It has been admitted and proved that on October 20, 1931 when Juana Barada was personally served with summons, she was only 16 years old and that she was the widow of · Enrique de Jesús. Are the summons and the consequent judgment void for failure of the court to acquire jurisdiction? We think that this question must be answered in the negative.

Sections 239 and 240 of the Civil Code provide as follows:

"Section 239.—A minor, whether male or female, becomes emancipated of right by marriage. Nevertheless, in order to alienate and mortgage any real property or to contract loans, a minor emancipated by marriage shall require the consent of his father, in default of his father that of his mother, and in the proper case, that of his tutor.

"Section 240.—A minor emancipated by reason of marriage may appear before the district courts to represent his interests, in the cases prescribed by law."

We have, then, that the only limitation contained in our code regarding a minor emancipated by marriage is to the effect that in order to alienate or mortgage real property or borrow money he still requires the consent of his father, mother, or guardian, as the case may be. Section 240, *supra,* expressly empowers him to appear before a district court to represent his interests. That Section does not appear in the Spanish Civil Code, wherein on the contrary the limitation regarding his appearance without representation in a judicial proceeding is absolute, since §517 of said code provides that he can not appear "without the assistance of such persons," that is, the father, mother, or guardian; which limitation is imposed by §237 of our code only upon minors emancipated by concession of the father or mother exercising the *patria potestas.*

The Spanish Civil Code, moreover, differs from our code upon this point in that, although by its §315, it recognizes emancipation by marriage, the same is subject to the limitations established by §59, to the effect that the husband "if he is under eighteen years of age, can not administer without the consent of his father, or, in default of the latter, that of the mother, or both failing, without that of his guardian. Nor can he appear in a judicial proceeding without the assistance of such persons." Those limitations were omitted from §91 of our Civil Code which is equivalent to said §59, *supra.*

Commenting on the limitation set forth in §59, Manresa says:

" . . . This provision being, as it in fact is, applicable to minors emancipated by marriage, the prohibition against a married minor appearing in a judicial proceeding without representation is clear and definite, even under the language of those two sections; for the prohibition is imposed on a minor who is under eighteen of age by §59 and on one who is above that age, but who has not attained the age of twenty-three, by §317." 1 Manresa, Civil Code, 334, 335.

And in commenting on §317, he maintains that the consent of the father, mother, or guardian is insufficient to enable the emancipated minor to appear in a judicial proceeding, as he requires "the assistance of those persons." 2 Manresa, Civil Code, 743.

Now, when referring to §315 in connection with the effect upon the emancipation of the dissolution or annulment of the marriage, the learned commentator states that, in view of the legislation which existed prior to the code, and according to the 47th Law of Toro, "in providing for emancipation by marriage, it deemed the married minors to have been forever emancipated, which means that in no case was the son or daughter restored to the *patria potestas,* subject, of course, to the indispensable requisite of the existence of a valid marriage, for otherwise the emancipation could not take place . . . "

560

"And there is no need to mention the dissolution by death, which, although severing the marriage tie, leaves untouched all the civil effects thereof upon the persons of the surviving spouse and of the children . . ."

In Cuba the above-quoted difference does not exist, for in its Civil Code the identical provisions of the Spanish Code have been retained. (See Arango, *Código Civil de Cuba*. §§315 and 317.) Even in Argentina, where according to §131 of its Civil Code, the only recognized form of emancipation is that resulting from marriage, minors thus emancipated can not "appear in the proceedings of a civil suit" . . . "without the express authorization of the judge" either, as provided by §135. Commenting on the latter section, Llerena in his work *"Concordancias y Comentarios del Código Civil Argentino,"* volume 1, pp. 296, 297, says that "The authorization of the judge is indispensable even in a condemnation proceeding, because, although these hearings are compulsory, the purpose of such an authorization for participating in the proceeding is to have a curator *ad litem* appointed to represent the emancipated minor throughout the proceeding and thus supply his incapacity." And this is so despite the fact that §133 of the Argentina Code provides that "emancipation produces the effect of enabling married minors to perform all the acts of civil life, *even though the marriage be dissolved during minority or by the death of one of the spouses, whether or not there are children"* (Italic ours); for, as maintained by Llerena, the phrase "all the acts of civil life" is merely a general principle, limited by the innumerable descriptions contained in the other related sections—*op. cit.,* p. 291—among which is found §3456 which provides that "For emancipated minors there shall be appointed a curator either to file a complaint in partition, or to answer one brought against them."

Although in the Philippine Islands no provision exists similar to that of our §240, *supra,* it has been held that in

view of the enactment of the Code of Civil Procedure (§115), "The minor daughter, emancipated by marriage, does not need a guardian *ad litem* in order to bring action," *Simán* v. *Leus y Leus,* 37 Phil. Rep. 967, and it was further decided in said case, that the last sentence of §317 of the Civil Code, identical with the corresponding section of the Spanish Code and with §237, *supra,* of our code, had been repealed by the Code of Civil Procedure.

The reasons which may have led our Legislature, by virtue of §240, *supra,* to grant to a minor, emancipated by marriage, a right which it continued to deny to a minor emancipated by parental concession—despite the fact that, in the case of males the minimum age required for contracting marriage as well as for emancipation by parental concession, is 18 years, whereas, in the case of females they are only required to have attained the age of 16 years in order to be able to contract marriage, §70, Civil Code—are not a proper subject for inquiry by judicial tribunals for, as was said *In re Morrisey,* 137 U. S. 157, 159: "The age at which an infant shall be competent to do any acts or perform any duties, military or civil, depends wholly upon the legislature."

Apparently, §240, *supra,* was adapted from §380 of the Civil Code of Louisiana which in its pertinent part provides that: "The minor, emancipated by marriage can appear in courts of justice without the assistance of a curator." In said state a minor emancipated by parental or judicial concession is also prohibited from appearing in the courts unless assisted by a curator *ad litem,* appointed by the judge—§375. The privilege granted to minors emancipated by marriage in Louisiana is rendered more significant when we take into consideration that in said State the minimum age for contracting marriage is 14 years in case of males and 12 in the case of females—§93, Civil Code of Louisiana.

In the case of *Beauchamp* v. *Whittington*, 10 La. Ann. 646, it was held that "The minor who has been emancipated by marriage, since dissolved by death, may lawfully sue, without the aid of a curator *ad litem*"; and in the case of *Wilcox* v. *Henderson*, 7 Rob. 338, it was held that "Though a minor who has been emancipated by marriage become a widow before the age of twenty-one, she will not return to the stage of pupilage."

Since it was proved in the case at bar that both Juana Barada and her minor daughter Nuvia had been duly summoned in the former action, copies of the summons having been delivered personally to the mother and to the daughter, and also to the mother, as the daughter was less than 14 years of age, compliance was had with §93 of the Code of Civil Procedure, and consequently, we are of the opinion that, in accordance with §240 of the Civil Code, *supra,* said Juana Barada could appear in the said action to represent her interests. Therefore, it was not necessary to request and obtain the appointment of a guardian *ad litem* in order that she might appear, which requisite only applies, according to §56 of the Code of Civil Procedure, when an infant or incompetent person is a party to a suit, or, according to §237 of the Civil Code, *supra,* when the minor has been emancipated by parental concession.

That being so, the District Court of Arecibo acquired jurisdiction over the person of Juana Barada in the action regarding the execution of the deed, and the judgment rendered in the same is valid. The first error assigned, which we have just discussed, was not committed.

Nor were the second and third errors committed; for in them the appellants start from the premise that the lower court acted without jurisdiction in the first suit and hence they may attack collaterally in the present action the judgment rendered; and that the court should have admitted certain evidence offered by them in order to

contradict and overcome that which served as a basis for the rendition of the former judgment. We will not go into a discussion of this question and of the rules applicable thereto, because recently we took occasion to state them in the case of *Lókpez* v. *Fernández*, 61 P.R R. 503. Sinced said premise is erroneous, the appellants' conclusion is untenable.

The judgment appealed from must be affirmed.

Mr. Justice Snyder did not participate herein.