Ellen P. Beauchamp *v.* H. F. Whittington et al.

The minor who has been emancipated by marriage, since dissolved by death, may lawfully sue, without the aid of a curator *ad litem.*

A renunciation by the wife of her right of mortgage on her property, sold by the husband, is not an alienation of her title.

In a petitory action by the wife, for her property, sold by her husband, testimony to prove an account against the wife, and that the items thereof were a part of the consideration of the sale by the husband, and enured to her benefit, is inadmissible.

When one is called in warranty, and there is no notice of the call in warranty in the judgment of the District Court, the omission will not be noticed in the Supreme Court unless the warrantor be made party to the appeal.

APPEAL from the District Court of St. Landry.

T. H. *Lewis* and *Porter*, for plaintiff.  J. E. *King* and *Cullum*, for defendant and appellant.

Voorhies, J.   This is a petitory action, in which the plaintiff claims the ownership of three slaves, described in her petition as *Elisha, John,* and *Sukey* or *Susan,* whom she inherited from the succession of her deceased mother, *Mary Montgomery*. She alleges that her husband, *Herbert F. Whittington,* sold these slaves to *Thomas M. Anderson,* the other defendant, for the price of $1500, by notarial act, dated the 29th of September, 1851, in which she was made a party, and induced by her husband to make a pretended renunciation of her right of mortgage on them, the said *Anderson* knowing full well her right of ownership, and her incapacity to contract, as she was then a minor ; that said renunciation and sale being in contravention of law, and as such, null and void, the defendant, *Anderson,* is therefore liable to her, not only for the hire of said slaves, at the rate of $450 per annum, but for their delivery, or, in default thereof, for the payment of $3000, as their value, with interest. She, therefore, prays to be decreed to be the owner of said slaves; that said pretended sale and renunciation be set aside, and declared null and void; that she recover said slaves of said

*Anderson*, together with the sum of $450 per annum, as their hire until delivered up, and in default of his delivering them up, that she recover of him the sum of $3000 as their value.

The defendant, *Anderson*, pleaded the general issue, and subsequently, by an amended answer, averred that he had recently learned that the plaintiff was a minor, and could not bring this suit; and further, that his co-defendant, *Whittington*, having died since the institution of the suit, it was necessary to revive the same against his legal representative to answer his call in warranty. An order was accordingly granted, and *A. Garrigues*, Clerk, as curator of *Whittington's* estate, filed an answer, setting up the general issue.

Upon these pleadings, and the evidence adduced on the trial, the District Court rendered judgment in favor of the plaintiff, and the defendant alone appealed.

The first question presented for our solution is, whether the plaintiff was legally authorized by the District Court to bring this suit. We do not think the District Judge erred in considering the appellant's objection on that score untenable. "The minor is emancipated of right by marriage." Thus emancipated, he can appear in courts of justice without the assistance of a curator *ad litem*. C. C., 367, 368, 378. Under Article 105 of the Code of Practice, we think the plaintiff was properly authorized to bring the present suit, and, besides, if any disability existed, it was clearly removed by the death of her husband when the appellant's amended answer was filed. And it is well settled, that the wife, who is a minor when her husband dies, does not return to a state of pupilage. 7 R., 346.

Our attention has been called to a bill of exceptions in the record. Under the pleadings, we are of opinion the District Judge did not err in ruling out the appellant's evidence, offered for the purpose of proving the items of his account, exhibited against the plaintiff from the year 1848 to the date of the sale in question, and that the items thus furnished to her constituted part of the price of the property in controversy, and inured to her benefit.

On the merits, it is satisfactorily proved that the plaintiff acquired her title to the property in controversy by inheritance, as alleged in her petition. We think it is clear that the divestiture of her title did not result from the conveyance of her husband to the appellant. Even conceding her renunciation as binding upon her, still we are at a loss to discover how it could be viewed as a divestiture of her title, inasmuch as it was merely a renunciation of her right of mortgage. But it appears to us clear, under the Act of 1835, that her renunciation must be considered void.

It is objected by the appellant, that the judgment is erroneous, inasmuch as it is silent in regard to his claim in warranty. It is enough to say, in answer to this objection, that the representative of the estate of *Whittington* has not been made a party to this appeal.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.