## No. 2016.—SUCCESSION OF L. W. LYONS.

The grandmother, being in destitute circumstances, and without the means of support, is entitled to an allowance as alimony from the estate of her grandchildren. This allowance should be made by the executrix or administratrix, when required, although the amount of the estate of the heirs be not yet definitely ascertained.

The law does not require alimony to be given by the rich alone. But, in fixing the amount, the circumstances of those who are to pay and those who are to receive must be taken into consideration.

An allowance of alimony should begin only from the date at which a necessity of the demand exists. Therefore, if it be not shown that the grandmother was in necessitous circumstances prior to making her application, she will only be allowed alimony from that date.

APPEAL from the Second District Court of New Orleans. *Duvigneaud*, J. *C. Roselius* and *Alfred Philips*, for appellant. *Cotton & Levy*, for appellee.

Howe, J. Mrs. Fry, mother of the deceased, instituted the proceeding now before us to compel the payment to her of alimony, on the ground that she was in destitute circumstances.

Mrs. Lyons, the widow in community, and natural tutrix, opposed this claim of the grandmother, on the ground that the succession, though inventoried at nearly two hundred thousand dollars, owed debts exceeding one hundred and fifty thousand dollars, and that, after the settlement and division of the community, the residue coming to the children, from whom the grandmother thus claimed support, would barely suffice to support them; that the bulk of the succession was in the hands of a liquidating commercial partner; that the property yielded no revenue, and that, until the succession was settled, no fixed sum in alimony could be accorded without prejudice to the rights of creditors and others.

The district court gave judgment for fifty dollars per month from the date of Lyons' death, payable at the end of each month, and Mrs. Lyons, the tutrix, has appealed.

It is claimed by her counsel that these grandchildren have no sufficient property for their own support, and can not be compelled to pay anything to the support of their aged and indigent grandmother. It appears to us, however, upon the record, that their estate amounts, in value, to at least sixteen thousand dollars, and that some alimony is due. It can hardly be that, in such a case, the person requiring daily support must wait till the succession be settled, and the amount precisely ascertained, for there would be a risk of starvation in the interim, for which the accuracy attained by the delay would hardly compensate. Nor do we think the moderate proportions of the estate likely to be saved for the children should dispense them entirely from the obligation of alimony. The law does not say that rich persons alone shall support their indigent ascendants and offspring. It declares that alimony shall be granted in proportion to the wants of the persons requiring it, and the circumstances of those who are to pay it. If the

circumstances of the latter are narrow, the amount will, of course, be small, but it will be something. The fact, also, which appears of record, that the mother has succeeded the deceased father in the firm, and is carrying on a large business, and drawing two to three hundred dollars a month for her support, has some weight. She owes these children support and education. We presume she discharges this obligation, and, by so much as she does, she increases their ability to discharge their duty to their grandmother.

It occurs to us, however, that the court erred in fixing the date from which alimony is to begin. The obligation is due only in case of actual need, and then *ex officio pietatis*, and should not accumulate by arrears. The fact that Mrs. Fry managed to maintain herself, as she did, up to the time of filing her petition, is proof that she was not in need prior to the application, in the sense of article 245, C. C. If she had been obliged to go in debt for her support, and thus anticipate her allowance, the rule might be different. In this regard, the views of M. Demolombe, commenting on article 205, C. N., seem to be worthy of adoption. Volume 4, page 91. The petition upon which the court finally acted was filed October 15, 1868.

It is therefore ordered that the judgment appealed from be amended in favor of appellant, so that the said alimony shall be payable only from the fifteenth of October, 1868; that, as thus amended, it be affirmed, and that appellee pay the costs of appeal.