## No. 9499.

### THE STATE EX REL. MARGARET MATT AND HUSBAND VS. N. H. RIGHTOR, JUDGE.

The statute requires that proceedings by a landlord against his tenant for the recovery of possession of leased property shall be summary, and this applies equally to such proceedings in the appellate as in the court of the first instance.

Where an exception had been filed in the City court and had been maintained, and on appeal the District court had reversed that ruling, it was the duty of the latter court upon such reversal to proceed to hear and determine the merits.

Such appeals are triable by the District courts in vacation or the summer recess as like cases are triable by those courts in vacation when originating in them.

Pleadings are taken for what they really are and not for what their authors designate them.

APPLICATION for Prohibition.

*A. Bernau* for the Relators.

*Braughn, Buck, Dinkelspiel & Hart* for the Respondent.

The opinion of the Court was delivered by

MANNING, J.   George Boning brought suit in the City Court against his lessees and tenants Margaret Matt and husband to recover possession of the leased premises, and they excepted alleging illegality of the notice and of citation and informality of the proceedings. Their exception was maintained and a judgment of dismissal, as of non-suit was entered, from which Boning appealed to the District.

:Court. The case was allotted to Judge Tissot. but he being absent during the summer vacation and having designated Judge Rightor to .act in his stead, it was tried by the latter judge, who overruled the ·exception, heard the merits and gave Boning judgment for possession. Whereupon the tenants obtained writs of certiorari and prohibition from this court to the end that the regularity and legality of the pro·ceedings below shall be examined, the case not being appealable. The monthly rent was sixty dollars and the suit was filed and decided in August last.

When the case reached the District court the landlord moved that it be fixed after three days notice, which was done, the tenants objecting to a summary trial and to a trial in vacation at all, on the ground that such trial could bo had only of cases originating in the District court.

The objection was properly overruled. The statute specifically requires that these proceedings of a landlord against his tenant shall be summary, Rev. Stats. secs. 2155-6, and this prime object of the law would be defeated if the trial on appeal should not be equally rapid as in the court of the first instance. The 3d Rule of the Civil District Court includes suits of a landlord for the possession of leased property .among those triable in the summer vacation, and must be construed with the 32d Rule that provides for the trial of appeals from the City ·courts so that nothing contained in either shall interfere with the statute above cited or retard the hearing of suits of this kind.

Another objection was that no trial could be had upon the merits— that as the judgment of the City court was on an exception the District court could do no more than say whether it was right or wrong, .and if wrong remand the case for trial in the City court.

This would more effectually retard the trial than the other objection. The proceedings in the City courts are assimilated to those before .Justices of the Peace, Acts 1880, p. 45. Appeals from these latter were tried *de novo*, Rev. Stats. sec. 2052, and not only *de novo* but the whole case was before the appellate court which must render such .judgment as should have been rendered in the first instance. Code Prac. art. 1138. Neither could the requirement of summariness be ·complied with without disposing of the whole case on one appeal.

The suggestion made here that Judge Rightor was not competent to ·try the case because it had been assigned to Judge Tissot cannot be ·heard. No objection was made to his trying it, and even if it could ·have been effectual below it is too late to make it here for the first ·time.

Further complaint is made that the judge treated what the counsel called an exception as an answer. The judge properly so treated it. Pleadings are taken for what they really are and not for what their authors designate them. But whether exception or answer all defences must be made at once in summary proceedings. But in truth there was no valid defence as abundantly appears from the judge's return, and resort to the present proceeding appears to have been had for delay.

It is therefore ordered that the preliminary writs issued herein be set aside and that the application of the relators is refused at their costs.

Rehearing refused.