LAND, J.
This is a suit for personal injuries. Plaintiff, representing that her husband was insane and had been confined for several years in the Louisiana Retreat, obtained the authorization of the court to institute suit. Defendant excepted that the judge had no power to grant such authorization on the facts set forth in the petition. Thereupon the plaintiff caused her husband to be duly interdicted by judgment of court, and filed a supplemental petition, in which she reiterated all the allegations of her original petition and prayed for authority to sue and to stand in judgment. Plaintiff was again authorized by the court to institute suit on the cause of action set forth in her original petition.
The exception, with others, was overruled, and the case was put at issue by answer. On trial before the jury there was a verdict for $500 in favor of the plaintiff. Defendant has appealed from the judgment rendered pursuant to the verdict.
In this court, the defendant urges that the judge erred in overruling the exception to the right and capacity of plaintiff to stand in judgment.
1-Iis contention is that the judgment of interdiction cannot be given retroactive effect so as to give vitality to the suit.
The exception to the capacity of a married woman to sue is dilatory in its nature, and, if sustained, merely dispenses the defendant from answering to the merits until the plaintiff be properly assisted by her husband. Code of Practice, arts. 320, 321. In Howard v. Coply, 10 La. Ann. 505, the court said:
“It is sufficient if the authority be obtained and produced at any time before the trial on the merits.”
See, also, Bonneau v. Poydras, 2 Rob. 1; Succession of McDonald, 26 La. Ann. 590.
The case of Saunders v. Burns, 38 La. Ann. 367, cited by defendant, was one against a married woman, and was remanded in order to cite the husband.
If the husband is under interdiction, the judge may authorize the wife to sue and be sued. Civ. Code, art. 132.
Therefore, the exception to the capacity of the wife was properly overruled.
The exception of no cause of action is without merit. Damages resulting from personal injuries to the wife are her separate property, and recoverable by herself alone. Act No. 68 of 1902.
On the merits, the evidence shows that the plaintiff was injured in her leg and foot by reason of the defendant carelessly and negligently driving his wagon onto a bridge on which, near the railing, the plaintiff and oth *703 er persons were standing, waiting for the arrival of a street car.
The preponderance of the evidence shows that the defendant made too sudden a turn in going on the bridge, and, without warning or notice, drove so close to the plaintiff that she was knocked down, and two of her toes were mashed, and her leg was briused.
The preponderance of the evidence does not show that the plaintiff was guilty of contributory negligence.
Plaintiff was confined to her house four or five weeks, and suffered much pain, but no permanent injuries. There was more or less nervous shock of a temporary nature. The actual damages proven exceed $100, and we are not prepared to say that the additional $400 for pain and suffering is manifestly excessive.
Judgment affirmed.