(90 South. 195)

No. 24813.

## GULF, C. & S. F. RY. CO. et al. v. RAILROAD COMMISSION OF LOUISIANA.

## In re LOUISIANA PUBLIC SERVICE COMMISSION.

(Oct. 31, 1921.)

*(Syllabus by Editorial Staff.)*

1. Pleading ⌲4—Characterization of pleas to the jurisdiction held immaterial.

Where both pleas of the Public Service Commission to the jurisdiction were founded on the contention that jurisdiction over the subject-matter was confined to the district court of the parish in which the Commission had its domicile, it was immaterial that its attorney characterized his first plea as one to the jurisdiction ratione materiæ, and the second as a plea to the jurisdiction ratione personæ.

2. Railroads ⌲99(11)—Statute authorizing suit to annul order for overhead crossing to be brought elsewhere than at Railroad Commission's domicile is void.

Act No. 132 of 1918, § 4, so far as it confers upon courts other than the district court of the parish of East Baton Rouge jurisdiction of a suit to annul an order of the Railroad Commission for the construction of an overhead crossing is unconstitutional under Const. 1898, arts. 283–285, 288, and the corresponding articles of Const. 1913, fixing the Commission's domicile at Baton Rouge, specifying its powers, and providing that any railroad company, etc., not satisfied with any order, etc., may sue the Commission at its domicile; this implying that the suit may not be brought elsewhere.

Suit by the Gulf, Colorado and Santa Fé Railway Company and others against the Railroad Commission of Louisiana. Pleas to the jurisdiction were overruled, and the Public Service Commission, successor to the Railroad Commission, applies for writs of certiorari and prohibition. Rule made absolute, plea sustained, and suit dismissed.

Terry, Cavin & Mills, of Galveston, Tex., and Pujo & Liskow, of Lake Charles, for plaintiff.

W. M. Barrow, Asst. Atty. Gen., for applicant.

O'NIELL, J. The defendant, Louisiana Public Service Commission, successor to the Railroad Commission of Louisiana, has invoked the supervisory powers of this court to prevent the trial of a suit against the Commission in the district court of Beauregard parish, or elsewhere than at the domicile of the Commission.

The object of the suit was to annul an order of the Commission requiring the plaintiff railroad companies to construct an overhead crossing, over a public highway in the parish of Beauregard.

[1] The defendant Commission filed a plea to the jurisdiction of the court ratione materiæ. During the argument of the plea defendant filed another plea to the jurisdiction, styling it a plea to the jurisdiction ratione personæ et materiæ. Having heard the arguments on both pleas, the court overruled the plea to the jurisdiction ratione materiæ, and on a subsequent date overruled the plea to the jurisdiction ratione personæ. The reason given by the court for overruling the latter plea was that the filing and argument of the plea to the jurisdiction ratione materiæ was a waiver of whatever right the defendant might have had to plead to the jurisdiction ratione personæ.

In our opinion, it was a matter of no importance that defendant's attorney first characterized his plea to the jurisdiction as being ratione materiæ, and thereafter, perhaps as a matter of extraordinary precaution, characterized it as being ratione personæ. The two pleas were founded upon the one contention that jurisdiction over the subject-matter of the suit was confined to the district court of the parish where the domicile of the Commission was fixed by a provision in the state Constitution. It was more appropriate to characterize the plea to the jurisdiction as being ratione materiæ than to characterize it as being ratione personæ, not only because it referred directly to the subject-matter of the suit, but because it is extremely doubtful that the declining to submit to the jurisdiction of the court in this case was merely a privilege or right that might have been waived by the Commission.

[2] The ruling of the district court overruling the plea to the jurisdiction ratione materiæ is founded upon section 4 of Act 132 of 1918, p. 226, purporting to confer upon the district court of any parish in which the Commission orders a railroad crossing constructed jurisdiction of a suit contesting the order of the Commission. The defendant Commission contends that the law, in so far as it purports to confer such jurisdiction is unconstitutional.

Article 283 of the Constitution of 1898, and the corresponding article of the Constitution of 1913, fixed the domicile of the commission at Baton Rouge. Article 284 of the Constitution of 1898 and the corresponding article of the Constitution of 1913 invested the Commission with authority to adopt reasonable and just rates, charges, and regulations to govern railroads and water craft, sleeping cars, freight and passenger tariffs and service, express rates, telephone and telegraph charges, to correct abuses and prevent unjust discrimination or extortion in the rates of the different railroads, water craft, etc., to require railroad companies to build and maintain suitable depots, switches, and appurtenances, wherever reasonably necessary, to require railroads to keep their tracks and bridges in a safe condition, to adjust rates between short lines and connecting trunk lines, and to enforce the orders of the commission by having penalties imposed through the courts having jurisdiction. Article 285 of the Constitution of 1898, and the corresponding article of the Constitution of 1913, declared that any railroad company, express company, telephone or telegraph company, etc., not satisfied with any rate, classification, rule, order, or regulation, adopted by the Commission, might file suit against the commission, "in a court of competent jurisdiction, at the domicile of the Commission." Article 288 of the Constitution of 1898, and the corresponding article of the Constitution of 1913, authorized the Legislature to add to or enlarge the powers and duties of the Commission, or to confer other powers or impose other duties upon the Commission. The second paragraph of Section 5 of article 6 of the Constitution of 1921, which went into effect after this suit was filed, but before the judge ruled upon

the plea to the jurisdiction, declares that any party in interest may appeal from an order or decree of the Commission by filing suit, within 90 days from the date of the Commission's order, and not thereafter, "against the Commission at its domicile."

Act 132 of 1918 appears to have been enacted pursuant to the authority conferred upon the Legislature by article 288 of the Constitution of 1898, retained in the corresponding article of the Constitution of 1913, to add to or enlarge the powers and duties of the Commission. Sections 1 and 2 of the statute undertake to make it the duty of the Commission to require the owner, possessor, or operator of any railroad, railway, tramroad, etc., to construct and maintain a suitable crossing over a public highway, according to specifications of the state highway department of the Board of State Engineers, if the police jury of the parish certifies to the Commission that any railroad, railway, etc., refuses to construct such crossing. Section 3 of the statute declares that the orders of the Commission in that respect shall be enforced in the manner provided by articles 284 to 289 of the Constitution, by the imposition of the penalties provided therein for violations of the orders of the Commission. Section 4 of the statute declares that the owner, possessor, or operator of any railway, railroad, tramroad, etc., may, within 30 days, but not thereafter, contest any order of the Commission by filing a petition in the district court of the parish in which the road crossing is located.

Our opinion is that section 4 of the act of 1918, in so far as it purports to confer upon other courts than the district court of the parish of East Baton Rouge jurisdiction to try a suit contesting an order of the Commission, is unconstitutional. When the law authorizes the institution of a suit against a department of the state government, for a cause of action specified in the law authorizing the suit, the right of action does not extend beyond such terms or conditions as are specified in the law. When such a right of action is restricted by express provisions of the Constitution, they must prevail over any attempt on the part of the Legislature to abolish or extend the restrictions.

It is argued on behalf of the plaintiff that the constitutional provision that a railroad company complaining of an order of the Commission "may file a petition * * * in a court of competent jurisdiction, at the domicile of the Commission," does not necessarily imply that the suit may not be filed in a court elsewhere. But the language appears to us too plain to admit of any doubt that such a suit may be filed at the domicile of the Commission, but not elsewhere. The word "must" would not be appropriate, in the place of the word "may," because a complainant is never obliged to file a suit anywhere.

It is ordered that the rule issued herein be now made absolute; that relator's plea to the jurisdiction of the district court be maintained; that the suit of the plaintiffs herein, the Gulf, Colorado & Santa Fé Railway Company and the Jasper & Eastern Railway Company, be therefore dismissed; and that they pay the costs of the district court and of the proceedings in this court.