175 La. 398

**BARCELO v. BARCELO.**

No. 31533.

Supreme Court of Louisiana.

July 20, 1932.

See, also, 174 La. 81, 139 So. 765.

Cobb & Jones and Herman M. Baginsky, both of New Orleans, for appellant.

Buck, Walshe & Buck, of New Orleans, for appellee.

ODOM, J.

Plaintiff is a minor about 14 years of age, and is a granddaughter of defendant. She is destitute, and, through her mother as natural tutrix, brought the present suit against her grandfather for $50 per month for support under the provisions of article 229 of the Civil Code. The trial court awarded her an allowance of $15 per month to be paid by the grandfather, and she appealed.

Article 229 of the Civil Code reads as follows: "Children are bound to maintain their father and mother, and other ascendants who are in need; and the relatives in the direct ascending line are likewise bound to maintain their needy descendants, this obligation being reciprocal."

Article 231 of the Code provides that "alimony shall be granted in proportion to the wants of the person requiring it and the circumstances of those who are to pay it."

The defendant admits that he must, under the law, contribute to the support of his grandchild, who is destitute, and it is not seriously disputed that she needs more than the award made by the trial judge. His contention is that, under his present circumstances, he is unable to pay more.

Defendant is now about 70 years old and feeble in health, not able to earn anything. Physically he is a wreck, and is being treated by a physician. He has no hope of being

able to earn anything in the future. His family consists of a wife, his second one, who is not the grandmother of plaintiff. She is younger than he, but earns nothing and has no separate property or income.

Defendant owns two pieces of property in New Orleans, one a double house on South White street, and the other a duplex located on Calhoun street. He occupies one-half the house on South White street and leases the other half for $45 per month. He leases the duplex on Calhoun street for $105 per month, making his gross revenues $150. Out of this, he must pay taxes, insurance, and all charges for upkeep and repairs. The record does not disclose the amount of these expenses, but counsel for defendant in oral argument and in his brief, has suggested that his net revenue does not exceed $100 per month, and, as counsel for plaintiff does not controvert the statement and as that estimate seems to be conservative, we accept it as correct.

The situation therefore is that defendant has a net revenue at present of $100 per month, out of which he and his wife must keep up their own establishment, pay for food, raiment, gas, lights, and water, medicine, and doctor's bills. Can he do this and contribute more than $15 a month to plaintiff? We do not see how he can.

The property from which defendant derives the revenue as above stated would be worth under normal conditions approximately $20,000, and is owned by the community which exists between him and his present wife, who is not related to plaintiff and who owes her nothing in the way of maintenance. It is suggested by plaintiff's counsel that, if defendant has not sufficient revenues out of which he may maintain his grandchild, he should sell part of the property and use the proceeds for that purpose. The answer to that suggestion is that, if he sells the property and consumes the proceeds, he himself would soon be destitute, and at his stage of life unable to support himself, much less contribute anything to maintain plaintiff. Besides, the record shows that under present conditions there is scarcely any demand for property such as that which defendant owns, and that, if he were compelled to sell, the property would be sacrificed. The law does not contemplate that, in order to comply with the requirements of article 229 of the Code, an aged and feeble grandparent must dispose of property which is his or her only source of revenue.

Counsel for plaintiff cites Succession of Lyons, 22 La. Ann. 627, where it was ordered that certain minor grandchildren pay to their aged and indigent grandmother $50 per month for her support out of an estate worth only $16,000. In that case the succession of the deceased father of the children inventoried nearly $200,000, but owed debts exceeding $150,000, and the bulk of the succession was in the hands of a liquidating commercial partner. We gather from the opinion that the father of those children was, up to his death, a partner in a large commercial business in New Orleans, which continued to carry on after his death. The court found that the mother of the minors had succeeded the father in the firm, "carrying on a large business," and that she was drawing two or three hundred dollars a month for her support. It is easy enough to see how these children could contribute $50 a month to their aged grandmother, even though it was estimated that their interest in their father's estate after a liquidation would not exceed $16,000 in value.

Counsel for plaintiff cites the cases of Namias v. Balser, 149 La. 299, 88 So. 914, and Lester v. Lester, 160 La. 708, 107 So. 499, in support of his contention that defendant, who has a gross revenue of $150 per month should pay to plaintiff one-third of it, or $50. These are cases where the wife was demanding alimony from the husband. In each of the cases, the court sustained a judgment requiring the husband to pay his wife alimony amounting to approximately one-third of his earnings. The law and the rules relating to the payment of alimony by husbands to their wives have no application to cases like the one presently before the court.

The judgment is affirmed.