GLADNEY, Judge.
Plaintiff, separated from bed and board from her husband, Robert G. Nations, has the legal custody of their three small children. As natural tutrix she instituted this action for alimony against Eugene W. Nations, paternal grandparent of the children. Following joinder by answer and hearing, judgment was rendered ordering defendant to pay alimony of $100 *229 per month for the support of the minors, commencing on April 17, 1959, and providing for crediting payments made by Robert G. Nations. From the decree defendant has appealed.
Subsequent to the perfection of the appeal, Eugene W. Nations died and by joint motion Mrs. Nations, the surviving widow in community, was substituted as party defendant appellant.
Appellant does not question the childrens’ need of the amount awarded by the trial court. The defense is: first, a denial that the grandparent is responsible under the provisions of LSA-C.C. Art. 229, while his son, the childrens’ father, is living; and, second, if liability be conceded, then it is incumbent upon plaintiff to exhaust her remedies against her former husband before proceeding against the grandparent.
The petitioner alleges she is unemployed because her children, Gregory Gene Nations, Robert Douglas Nations and Louis Christopher Nations, are three years, two years and five months of age, respectively; that she has been unable to locate Robert G. Nations; that defendant has refused to divulge the whereabouts of his son; that she has no financial relief or means, other than through living with her parents, who are not able to do more than furnish food and lodging, which is insufficient; and that the strain of having three children in their home is hard on the physical and mental condition of her aged parents. It is further shown that demand was made upon the defendant for assistance, but that he has failed or refused. After the hearing the trial judge concluded that defendant, who has a monthly income of $695, could well afford to support the children in the amount allowed.
The cause of action herein asserted arises under Article 229 of the LSA-Civil Code, which provides that “Children are bound to maintain their father and mother and other ascendants, who are in need; and the relatives in the direct ascending line are likewise Bound to maintain their needy descendants, this obligation being reciprocal.” The LSA-Civil Code, Art. 3556(8) declares that under the name “Children” are comprehended “ * * * not only the children of the first degree, but the grandchildren, great-grandchildren, and all other descendants in the direct line.” Alimony should be granted in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it, and if the person whose duty it is to furnish alimony shall prove he is unable to pay the same, he may be ordered to receive the person to whom he owes the alimony in his house for support and maintenance.
In Barcelo v. Barcelo, 1932, 175 La. 398, 143 So. 354, a minor granddaughter, destitute, about fourteen years of age, brought suit through her mother as natural tutrix, against her grandfather and was awarded alimony which was affirmed by the Supreme Court. The decision does not record whether the father of the destitute child was living, or if living, his financial condition. However, a determination of this question is not of special significance. We do know the children are in necessitous circumstances, that the father does not and will not supply those needs and fulfill the obligation of supporting, maintaining and educating his children prescribed by LSA-Civil Code Article 227.
The Supreme Court in the case of Tolley v. Karcher, 1941, 196 La. 685, 200 So. 4, considered an appeal by the mother from a judgment obtained by her daughter requiring her to pay alimony. In discussing the obligation flowing from Art. 229, the Court made the following comment:
“Article 229 of the Revised- Civil Code is clear and free from all ambiguity. It imposes a reciprocal obligation upon children to maintain their father and mother and other ascendants who are in need, and upon- relatives in the direct ascending line to maintain, their needy descendants. The mother is the nearest relative in *230 the ascending line and, if this article may be interpreted as imposing no obligation upon her, as the nearest ascendant, to maintain her children, her nearest descendants in need, it is obvious that no such obligation may be imposed upon more remote ascendants, such as a grandfather or grandmother, to maintain their descendants of more remote degree. Such an interpretation would virtually repeal that part of Article 229 of the Civil Code which declares ‘and the relatives in the direct ascending line are likewise bound to maintain their needy descendants, this obligation being reciprocal.’
“We find no language in Article 229 which limits to minor children the support which ascendants are obliged to give to needy descendants. To so hold would be nothing short of judicial legislation.” Id., 200 So. at page 6.
Mr. Overstreet, the maternal grandfather of the children, has recognized his obligation to render assistance to his grandchildren to the extent of his financial ability by taking his daughter and her minor children into his home. It would seem that under the provisions of the Codal article payment of alimony is not only a reciprocal but also a several obligation. The prime factor to be considered is the immediate need of those to whom the alimony is due. Therefore, one obligor may not demand the privilege of deferring payment until an-, other obligor has met his obligation, although under proper circumstances contribution may be required. The judgment herein provides that the grandparent shall be entitled to an offset against the judgment to the extent of any payments made by the son.
Plaintiff, on behalf of her minor children, is entitled to receive alimony under the Codal provisions. The judgment is affirmed at'appellant’s cost.