163 So.2d 74

Vernita JEFFERSON

v.

Sam JEFFERSON et al.

No. 46871.

March 30, 1964.

Rehearing Denied May 4, 1964.

2

T. R. Broyles, Leesville, for applicants.

Jess Funderburk, Jr., Leesville, for appellee.

SANDERS, Justice.

This is a suit for alimony. Vernita Jefferson, a sixteen-year-old married woman, sued her husband, Limas Jefferson, for alimony for herself and her minor child. She likewise joined as defendants her husband's parents seeking alimony for the child under Article 229 of the LSA–Civil Code. She alleged in the petition that her husband was a resident of Louisiana, attending college at Baton Rouge, but that he had abandoned her. She further alleged that she appeared as natural tutrix of the child.

An attempt to secure service of citation on the husband failed. He made no appearance in the suit.

The defendant-grandparents filed two exceptions labeled "Exception to the Procedural Capacity"; an exception of no cause of action; an answer to the petition; and, later, an exception entitled "Peremptory Exception—Nonjoinder of Indispensable Party." The trial court overruled, or otherwise disposed of, the exceptions. After

trial on the merits, the court rendered judgment in favor of the plaintiff "in behalf of and representing the minor child" against the grandparents for the sum of $20.00 per month as alimony for the child. The grandparents appealed to the Court of Appeal. That court affirmed the judgment.[1] We granted certiorari, 244 La. 1026, 156 So.2d 228, to review the judgment of the Court of Appeal.

The exception of no cause of action was apparently referred to the merits without objection. However, the remaining exceptions, directed to the procedural capacity of the mother and to the non-joinder of the father as a plaintiff, have been strongly urged throughout the proceeding.

The first of the exceptions entitled "Exception to the Procedural Capacity" alleges that Vernita Jefferson is under 18 years of age; that her marriage emancipated her for purposes of administration only; and that she has no capacity to sue. The defendants rely upon the provisions of LSA–R.S. 9:102 and LSA–R.S. 9:104.

■ The objection to the lack of procedural capacity is properly raised by the dilatory exception. Art. 926(6), LSA–C.C.P. However, we find no merit in the objection.

Article 682 of the LSA–Code of Civil Procedure provides:

"A competent major and a competent emancipated minor have the procedural capacity to sue."

■ The codal provision makes no distinction between emancipation by marriage and judicial emancipation. Irrespective of the type of emancipation, or its effect, an emancipated minor has the capacity to sue.[2]

■ LSA–R.S. 9:102 provides that married women may appear in judicial proceedings without the authority of their husband or of the judge. LSA–R.S. 9:104 stipulates that LSA–R.S. 9:102 does not apply to married women who are interdicted or under the age of 18 years. We recognize that LSA–R.S. 9:104 conflicts in part with Article 682 of the LSA–Code of Civil Procedure. Insofar as a conflict exists, LSA–R.S. 9:104 must be considered repealed.[3]

After the trial court had overruled the first exception to procedural capacity, the defendant filed a second exception, likewise labeled "Exception to the Procedural Capacity", alleging: "That the plaintiff has not been appointed natural tutrix for the minor and has no capacity to bring this suit." Plaintiff moved to strike this excep-

1. La.App. 145 So.2d 356. See also 244 La. 493, 153 So.2d 368 and La.App., 154 So. 2d 645.
2. See also LSA–C.C. Arts. 380, 382; In Re Sherrill, 206 La. 457, 19 So.2d 203; Beauchamp v. Whittington, 10 La.Ann.

646; 1 McMahon Louisiana Practice p. 153; and LSA–C.C.P., Vol. 10, Pleadings and Judicial Forms, Form 211a (note).
3. See Section 5 of Louisiana Act No. 15 of 1960.

tion, and the trial court sustained the motion, apparently on the ground that the objection had been waived under Article 926, LSA–C.C.P., by the failure to plead it in the original dilatory exception.

The Court of Appeal held that the foregoing exception was in reality a peremptory exception of no right of action, or want of interest, that it was timely filed and that the objection had not been waived. Finding that the father was an absentee, the Court held that the mother was administratrix of the child's estate under Article 4502, LSA–Code of Civil Procedure. It overruled the exception.

We cannot agree that the exception raises the objection of no interest in the plaintiff to institute the suit, or no right of action.

▬ It is true, of course, that the character of a pleading is not controlled by its title. Rather, its nature is determined by its purpose and averments.[4]

As we view it, the present pleading attacks the representative capacity of the plaintiff to sue either as natural tutrix of the minor child, as alleged in the petition, or as administratrix of the child's estate.

In differentiating the former exceptions of want of capacity and want of interest, Professor Henry G. McMahon, a distinguished authority on civil procedure, stated:

" * * * [The] exception of want of capacity is deemed the proper and only medium of putting the authority of the plaintiff at issue whenever he appears in a representative capacity, whether as mandatary, tutor, (or for the 'use and benefit' of a minor without qualifying as tutor and without facts showing that plaintiff is the administrator of the estate of such minor), curator, administrator, executor, receiver, liquidator, or syndic. This exception appears to be the proper method of putting the procedural capacity of the plaintiff at issue where he appears in an individual capacity, whenever it is contended that for any reason the plaintiff is not sui juris."[5]

▬ In our opinion, the present exception challenges the representative capacity of the plaintiff. Prior to the adoption of the Louisiana Code of Civil Procedure, it was characterized as an exception of want of capacity. Under the Code, the objection is one of those raised through the dilatory exception.[6]

---

4. Gulf, C. & S. F. Ry. Co. v. Railroad Commission of Louisiana, 149 La. 783, 90 So. 195; State ex rel. Matt v. Rightor, 37 La.Ann. 843.
5. 11 Tulane Law Review, 527, 545–546.
6. Art. 926, LSA–C.C.P. See also Cartwright v. Puissigur, 125 La. 700, 51 So. 692; Montfort v. Smith, 36 La.Ann. 750; Guaranty Discount & Collection Co. v. McClure, La.App., 172 So. 564; McVay v. New Orleans Public Service, La.App., 148 So. 67; and 1 McMahon Louisiana Practice, pp. 349–352.

■ The failure of the defendants to plead the objection in the original dilatory exception waived it. The law does not permit a "stringing out" of dilatory objections in serial pleading. Article 926, LSA–C.C.P., specifically provides:

"All objections which may be raised through the dilatory exception are waived unless pleaded therein."

■ We hold, then, that the objection to the procedural capacity of the plaintiff has been waived. Since the representative capacity was not legally challenged, the qualification of the plaintiff is presumed and no evidence is required to sustain it. Art. 700, LSA–C.C.P.

The exception entitled "Peremptory Exception—Nonjoinder of Indispensable Party" alleges that the plaintiff and her husband are not judicially separated, that the husband is neither incompetent nor an absentee,[7] that the husband is the administrator of the child's estate, that the mother has not been appointed tutrix, and that the husband is an indispensable party plaintiff. The defendants filed the exception on the day of the trial after answer had been filed.

■ In essence, the exception again challenges the representative capacity of the plaintiff. As we have observed, the objection to the procedural capacity of the

plaintiff was waived by failure to plead it in the original dilatory exception. Moreover, the instant objection was pleaded after the answer and is not timely. Art. 928, LSA–C.C.P. Insofar as the exception purports to object to the nonjoinder of the father as plaintiff, it is without merit. The representative capacity of the mother being presumed, all indispensable parties are before the Court.

Having disposed of the exceptions, we consider the merits.

■ The obligation of the grandparents to support their needy grandchildren arises from Article 229 of the LSA–Civil Code. It provides:

"Children are bound to maintain their father ' and mother and other ascendants, who are in need; and the relatives in the direct ascending line are likewise bound to maintain their needy descendants, this obligation being reciprocal.

"They are also bound to render reciprocally all the services which their situation can require, if they should become insane."

■ The Article imposes a reciprocal obligation upon ascendants and descendants to maintain the other in need. When ali-

7. Article 683, LSA–C.C.P. provides that the mother, as administratrix of the estate, is the proper plaintiff when the fa- ther. is a mental incompetent or an absentee. See also Article 4502, LSA–C.C.P.

mony is fixed, it must be in proportion to the needs of the person requiring it and the circumstances of those who are to pay.[8]

■ The grandparents strenuously contend, however, that the father has the primary duty to support the child and that no judgment should be rendered against them until all legal remedies against the father have been exhausted and it is established that he is unable to support the child. We find no merit to this contention.

■ The codal article establishes no priority of obligation. Assuming, without deciding, that the court may regulate the order of payment among plural obligors who are able to provide alimony, we have determined that the circumstances of the present case do not warrant relief for the grandparents. The grandfather testified that the father was attending college at Baton Rouge, Louisiana. The father was not regularly employed. The grandfather made contributions to his support. The Sheriff's Return on the father's citation recites that the Sheriff of East Baton Rouge Parish was unable to locate him despite diligent search and inquiry.[9] The return forms part of the record and must be considered correct for purposes of this review. Art. 1292, LSA–C.C.P. Hence,

several things are apparent: First, the father himself received support contributions from the defendants. Second, the Sheriff was unable to locate him. Third, the grandparents have detailed knowledge of the whereabouts of the father or can easily secure that information. Under these circumstances, we perceive no valid reason to alter the alimony award to regulate the order of payment, assuming, of course, that the law permits us to do so in a proper case.

■ The evidence establishes that the plaintiff-mother is sixteen years of age, is unemployed, and has no income. She is living with her parents. The father has failed and refused to support the child. We conclude that the child is in need within the meaning of Article 229 of the LSA–Civil Code. The record also amply supports a requirement of $20.00 per month, as awarded by the trial court.

■ We have reviewed the evidence relating to the defendant-grandparents ability to pay. They have a monthly income of approximately $174.00. They have two children (a son, age 17 and a daughter, age 15) in high school. Their debts total about $700.00. We conclude, as did the Court of Appeal, that the sum fixed by the district court is not excessive under the circumstances.

---

8. Arts. 230, 231, LSA–C.C.: Nations v. Nations, La.App., 128 So.2d 228.
9. Since the question is not before us, we express no opinion as to whether this suit, one solely for alimony, can be maintained by the wife against the husband over his objection properly pleaded. See LSA–R.S. 9:291 and 9:571.

For the reasons assigned, the judgment of the Court of Appeal is affirmed. All costs of court are assessed against the defendants.

FOURNET, C. J., dissents.

McCALEB, J., dissents with written reasons.

McCALEB, Justice (dissenting).

I do not agree that defendant was required to except *in limine* to plaintiff's incapacity or lack of legal right to sue as natural tutrix of her minor child. It was alleged in the petition that the child was issue of plaintiff's marriage to Limas Jefferson; that he had not resided with plaintiff since he abandoned her shortly after the marriage; that he has failed and refused to support her and his child and that he is now attending Southern University at Baton Rouge as a student.

The substantive law, Article 221 of the Civil Code, provides that the father, during the marriage, "is * * * administrator of the estate of his minor children and the mother in case of his interdiction or absence during said interdiction or absence."[1] Clearly, then, plaintiff's failure or inability to allege that her husband was either an absentee or an interdict discloses that she is without right or capacity to sue on behalf of her minor child and, hence, the proceeding should have been dismissed on an exception of *no right* of action.

Article 700 of the Code of Civil Procedure, which is cited in the majority opinion as authority for concluding that defendants waived their right to assail plaintiff's lack of qualification to maintain this action since they failed to assert it *in limine* by a dilatory exception, is inapplicable here for the simple reason that plaintiff has stated *facts* exhibiting on the face of her pleadings her lack of authority to sue. The presumption provided by Article 700 C.C.P., which results from defendant's failure to challenge by dilatory exception a plaintiff's right to sue as an agent or as legal representative of another, arises only in, and is necessarily restricted to, cases in which the allegations, if taken as true, show that the plaintiff is competent to appear in the capacity asserted. But where the pleading shows on its face, as here, that such a plaintiff has no legal right to sue as an agent or represent an incapacitated person, an exception of no right or cause of action will properly lie whether filed *in limine* or at any other stage of the proceeding.

1. See also Article 683, Code of Civil Procedure, which is to the same effect. It reads, in part: "The father, as administrator of the estate of his minor child, is the proper plaintiff to sue to enforce a right of an unemancipated minor who is the legitimate issue of living parents who are not divorced or judicially separated. The mother, as the administratrix of the estate of her minor child, is the proper plaintiff in such an action, when the father is a mental incompetent or an absentee."

Indeed, Article 927, C.C.P., dealing with peremptory exceptions, declares in part "The nonjoinder of an indispensable party, or the failure to disclose a cause of action *or a right or interest in the plaintiff to institute the suit,* may be noticed by either the trial or appellate court of its own motion." (Italics mine.)

Nor do I subscribe to the majority view that the grandparents of the minor child are liable for its support under Article 229 of the Civil Code. This article, which is declaratory of the general family obligation of children to maintain their father and mother and other ascendants who are in need and reciprocally binds all ascendants to maintain their needy descendants, must be read and construed, as to minor children, with Article 227 of the Civil Code, a law in pari materiae, which places upon fathers and mothers, by the very act of marriage, " * * * the obligation of supporting, maintaining, and educating their children." Support of their minor children unquestionably rests primarily, legally and historically on the parents. And, while it is true that Article 229 does not establish a priority of obligation of support among the ascendants, the Court, in my opinion, blinds itself to the reality of the family relation by ignoring, in its consideration of the serious problems here presented, Article 227 which places directly the support of the minor children on the shoulders of the mother and father who bore them. Of course, in any

case in which it can be established that the father and mother are incapacitated, either mentally or physically, the natural family obligation, which is made a legal obligation by Article 229, must then come into play. But it will not do to say, as the majority has said, that because the husband's father is contributing to his support at Southern University, or because the plaintiff-mother is unemployed, that the primary obligation of the father and the plaintiff to support the child that they have brought into the world is excused, or, rather, that it must be shifted to the shoulders of the grandparents.

In concluding that the grandparents were responsible in this case, the Court of Appeal relied in the main on the decision of the Second Circuit Court of Appeal in Nations v. Nations, 128 So.2d 228, where a like result was reached. In the Nations case, the Court cited Barcelo v. Barcelo, 175 La. 398, 143 So. 354, as authority for its conclusion. But the Barcelo case is not authority for the holding that the grandparents of a minor child are liable for the latter's support when the father and mother of the child are living and are not physically or mentally incapable of providing support. In that case, the mother of the child obtained judgment against the child's paternal grandfather. The mother appealed, complaining as to the amount of award of alimony, but the judgment was affirmed. The grandfather did not appeal nor did he answer the appeal. Therefore, the question of

his legal responsibility for the alimony was not at issue in this Court.

Tolley v. Karcher, 196 La. 685, 200 So. 4, also cited in the opinion in the Nations case, is likewise not authority for the conclusion in that case, since the Tolley decision concerned only whether plaintiff, a middle-aged woman, could require that her mother contribute to her support under Article 229 of the Code. The Court held in the affirmative, expressing the view that Article 229 is not restricted to minor children.

I respectfully dissent.