REGAN, Judge.
The plaintiff, Mrs. Della Smith Varnado, filed this suit against the defendants, Mr. and Mrs. Everett Pinson, in an endeavor to nullify a judgment of the lower court appointing a tutor and undertutrix ad hoc for her minor daughter and which also authorized and approved of a compromise settlement of a claim which her minor daughter acquired as a result of the accidental death of her husband.
The Hess Terminal Corporation, the deceased husband’s employer, and its liability insurer, Travelers Insurance Company intervened herein as parties defendant and conceded the validity of the essential facts asserted by the plaintiff. In addition thereto, they reconvened and requested .the rendition of a declaratory judgment confirming the legality of the release agreement executed by the plaintiffs minor daughter for the reason that she possessed the capacity by virtue of her marriage to enter into a settlement of the claim for the death of her husband.
From a judgment of the lower court in favor of the defendants,[1] the plaintiff has prosecuted this appeal.
The record reveals that the plaintiff’s daughter, Mattie Lou Varnado Greer, was born on June 1, 1946, and on January 23, 1960, when she had attained the age of thirteen years, she was married to Bobby Greer. Seven months later, or on August 19, 1960, Bobby Greer was fatally injured while in the course of his employment by the Hess Terminal Corporation.
On September 7, 1960, at the age of fourteen years, Mattie Lou Greer petitioned the lower court for the appointment of a tutor ad hoc and undertutrix ad hoc. On the same day the defendants, Mr. and Mrs. Pin-son, were appointed tutor and undertutrix, and a judgment was rendered authorizing and approving the settlement of Mattie Lou’s claim against the intervenors for the sum of $10,000.00. The settlement agreement and release of all claims was signed by Mattie Lou Greer and Everett Pinson, tutor ad hoc, pursuant to this judgment.
With respect to the foregoing tutorship proceedings, suffice it to say that counsel for the defendants concedes the invalidity thereof. In addition thereto, respective counsel concede that the marriage between Mattie Lou Varnado and Bobby Greer was a valid one. Therefore, the only significant question posed for our consideration is whether a married woman under the age of eighteen years, emancipated by marriage, possesses the capacity to enter into a compromise agreement with respect to a claim arising out of the death of her husband.
Since the release agreement which forms the subject matter of this litigation was consummated before the effective date of the new Code of Civil Procedure, which was January 1, 1961, respective counsel agree that the law as it existed prior to this date controls the answer to the question posed herein.
*106 The law is well settled in Louisiana that a minor, whether male or female, is emancipated by marriage.[2] It is equally well settled that this emancipation may not he revoked,[3] so that a minor emancipated by marriage and widowed before the age of twenty-one remains emancipated and does not require the appointment of a tutor.[4] In addition thereto, the law is quite clear that a minor emancipated by virtue of a marriage may appear in judicial proceedings without the assistance of a legal representative.[5] This rule is a distinct exception to the general rule that an emancipated minor cannot appear in judicial proceedings without the assistance of a curator ad litem appointed specially by the judge for that purpose.[6]
It is our opinion that the specific question of the right of a minor to execute a release of a claim for the death of her husband is determined by Civil Code Article 382, which reads as follows:
Art. 382. "The minor, emancipated by marriage, does not need the assistance of a curator in any act or proceeding; provided that whenever a minor emancipated by marriage shall reach the age of-eighteen years the said minor shall be relieved from all of the disabilities which attach to minors and with full power to do and perform all acts as fully as if the said minor had arrived at the age of twenty-one years. (As amended by Acts 1908, No. 224.)” (Emphasis added.)
As pointed out by counsel for the defendants, prior to the amendment of Article 382 in 1908, that article merely provided that a minor emancipated by marriage did not need the assistance of a curator in any act or proceeding. However, the capacity of a minor emancipated by marriage was circumscribed by Article 384 to those of minors who were emancipated with limited powers of administration only. The amendment in 1908 to Article 382 thus had the effect of providing that a minor emancipated by marriage under the age of eighteen years would possess limited powers of administration as set forth in Civil Code Articles 370, 373, and 374, which, in effect, limit the authority of a minor emancipated by marriage in his ability to alienate immovable property and make donations of movable or immovable property. It is thus apparent that a minor emancipated by marriage may alienate his movable property without court approval.[7]
Counsel for the plaintiff argues that the Married Women’s Emancipation Act prevented the plaintiff’s daughter from executing a valid release herein. In substantiation thereof, he points to the following statutes which read:
R.S. 9:102. “Married women may institute or defend suits, or otherwise appear in judicial proceedings, and stand in judgment, without the authority of their husbands or of the judge.”
R.S. 9:104. “R.S. 9:101, 9:102, and 9:-103 do not apply to married women under or until they reach the age of eighteen years or to married women' who are interdicted.”
Counsel for the plaintiff has conceded that the rationale emanating from the Supreme Court in the case of Jefferson v. Jefferson[8] makes it quite clear that R.S. 9:104 was in effect repealed by the enactment of Article 682 of the Code of Civil Procedure, which stipulates that an emancipated minor possesses the procedural capacity to sue. However, he argues that since the claim was compromised before the enactment of the Code of Civil Procedure, *107 R.S. 9:104 provides the inevitable answer to the question posed herein.
Counsel argues in effect that R.S. 9:104 creates an exception in the case of women under eighteen years of age to the general rule that married women may participate in legal proceedings without the authority of their husband or of the judge which is set forth in R.S. 9:102. He insists that in the event of the death of the husband of a woman under the age of eighteen, a tutorship proceeding must be instituted in order to obtain judicial permission for the execution of a settlement agreement arising out of the husband’s death.
 The simple answer to the plaintiff’s contention is that R.S. 9:102 and R.S. 9:104 apply only to married women and do not apply to widows. A marriage is quite obviously dissolved by the death of one of the parties thereto.[9] Therefore, upon the death of her husband, a woman reverts to the status of a femme sole[10] and is no longer within the purview of the Married Women’s Emancipation Statute relied upon by the plaintiff.
We are of the opinion that the plaintiff’s daughter was emancipated by virtue of her marriage to Bobby Greer. Upon his death, she remained an emancipated minor, and did not retrogress nor resume her previous legal inability to contract;[11] She, as an emancipated minor, possessed the full legal capacity to prosecute a claim in the courts of this state for the death, of her husband.[12] This fact, together with the fact that a minor emancipated by márriagq has the full authority to alienate movable property, leads us to the inevitable conclusion that her ability to sue for the death of her husband carried with it the reciprocal capacity to refrain from prosecuting such a claim in return for a cash settlement. Therefore, the compromise agreement exe-> cuted by her with respect to her claim arising out of the death of her husband is valid irrespective of the propriety of the tutorship proceedings instituted simultaneously therewith.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiff is to pay all costs incurred herein.
Affirmed.

. The lower court denied the intervenors’ request for a declaratory judgment. 184 So.2d — 7ya

. O.C. Art. 379.

. C.C. Art. 383.

. Wilcox v. Henderson, 7 Rob. 338 (1844).

. C.C. Arts. 375, 380.

. C.O. Art. 375.

. Withers’ Heirs v. His Executors, 3 La. 363 (1832); Grigsby v. Louisiana Bank, 3 La. 491 (1832).

. 246 La. 1, 163 So.2d 74 (1964).

. C.C. Art. 136(2).

. See Wilcox v. Henderson, supra, and Beauchamp v. Whittington, 10 La.Ann. 646 (1855).

. Wilcox v. Henderson, supra; Beauchamp v. Whittington, supra.

. C.C. Arts. 375 and 380.