CHASEZ, Judge.
This is an action in tort arising from a two car collision at the intersection of Marque and Grant Streets in New Orleans. The plaintiff, Mrs. Verris Hessler Veith, brought suit in her own behalf and for the use and benefit of her minor children, Edward George Veith, Jr. Michael Ernest Veith and Bonnie Therese Veith. Her petition named The Travelers Insurance Company, insurer of Mrs. Dorothy Smith, as defendant. Mrs. Dorothy Smith, not herself a party to the suit, was the driver of the vehicle proceeding along Grant Street, and Mrs. Veith was the driver of the vehicle on Marque Street.
The Travelers Insurance Company responded with a third party petition against Employers Liability Assurance Corporation, liability insurer of Mrs. Veith. Plaintiff then filed a supplemental and amended petition naming Employers Liability Assurance Corporation as an additional defendant in her claim for the use and benefit of the minor children.
After a hearing on the merits, the trial court found both drivers negligent and dismissed Mrs. Veith’s claim for her individual damages. The judgment granted the claim for the use and benefit of the minor children to be paid with equal contribution by Employers Liability Assurance Corporation and The Travelers Insurance Company. Plaintiff appealed the decision of the trial court praying for a reversal of the decree holding her contributorily negligent, and additionally applied for an increase in the award for the children’s injuries. Defendant, The Travelers Insurance Company, answered the appeal with a *673 prayer for a reversal of the judgment holding Mrs. Smith negligent. Travelers also filed an exception of no right of action, which was brought to the attention of the court for the first time on appeal. This exception challenges Mrs. Veith’s right to represent the minor children due to the fact that she has not qualified as their natural tutrix. The case was argued and submitted-to this court on both the exception and the merits.
ON THE EXCEPTION
Counsel for defendant has excepted to plaintiff’s right of action on behalf of her minor children, because she has not qualified as natural tutrix of these children. The exception of no right of action is peremptory and may be noticed by either the trial or appellate court. C.C.P. 927. If this exception were sustained the suit would properly be dismissed.
The question of whether a mother has qualified as natural tutrix of her children is in reality a challenge of her procedural capacity rather than an exception of no right of action. The Louisiana Supreme Court in Jefferson v. Jefferson, 246 La. 1, 163 So.2d 74, passed on the possible conflict between the exception of no right of action which is peremptory and the exception to procedural capacity which is dilatory. C.C.P. 927, 928. The Supreme Court considered an exception similar to the one raised here as an, attack on the representative capacity of the plaintiff to sue as a natural tutrix of a minor child and distinguished the two exceptions as they are presented in the Code of Civil Procedure.
“In differentiating the former exceptions of want of capacity and want of interest, Professor Henry G. McMahon, a distinguished authority on civil procedure, stated:
‘ * * * [The] exception of want of capacity is deemed the proper and only medium of putting the authority of the plaintiff at issue whenever he appears in a representative capacity, whether as mandatary, tutor, (or for the ‘use and benefit’ of a minor without qualifying as tutor and without facts showing that plaintiff is the administrator of the estate of such minor), curator, administrator, executor, receiver, liquidator, or syndic. This exception appears to be the proper method of putting the procedural capacity of the plaintiff at issue where he appears in an individual capacity, whenever it is contended that for any reason the plaintiff is not sui juris.’
“[6] In our opinion, the present exception challenges the representative capacity of the plaintiff. Prior to the adoption of the Louisiana Code of Civil Procedure, it was characterized as an exception of want of capacity. Under the Code, the objection is one of those raised through the dilatory exception.
“[7] The failure of the defendants to plead the objection in the original dilatory exception waived it. The law does not permit a ‘stringing out’ of dilatory objections in serial pleading. Article 926, LSA-C.C.P., specifically provides:
‘All objections which may be raised through the dilatory exception are waived unless pleaded therein.’
“[8] We hold, then, that the objection to the procedural capacity of the plaintiff has been waived. Since the representative capacity was not legally challenged, the qualification of the plaintiff is presumed and no evidence is required to sustain it. Art. 700, LSA-C.C.P.”
Jefferson v. Jefferson, supra 163 So.2d at pages 77-78.
The dilatory exception, which must be plead prior to answer, is therefore of no effect when raised on appeal, and the plaintiff is presumed to have procedural capacity to continue this suit in behalf of and representing the minor children.
We are bound to follow the Jefferson decision, and we must presume that the *674 plaintiff has a right of action for the use and benefit of her minor children. However, sans this interpretation of the Code of Civil Procedure, we would have followed the precedent set forth in Mc Vay v. New Orleans Public Service, La.App., 148 So. 67, and remanded the case to have the plaintiff’s procedural capacity corrected. The solution found in the Me Vay decision would eliminate any possibility of either the defendant or the plaintiff suffering the consequences of a judgment in favor of a party who actually had no right to initiate the cause of action. We can only hope that the presumption required by the Jefferson decision will not undermine the rights of litigants in other contests.
ON THE MERITS
The essential facts are not seriously disputed. The accident occurred on May 11, 1964 at approximately 7:30 A.M. at the uncontrolled intersection of Grant Street and Marque Street in Donna Villa Subdivision in New Orleans. The plaintiff, a resident of the subdivision, was proceeding toward the river on Marque Street when she brought her vehicle to a stop at its intersection with Grant Street. Testifying that she saw that the way was clear, she advanced into the intersection to a point more than halfway across it when the other vehicle collided with her, damaging her right front fender and door. Mrs. Veith’s three minor children, Edward, Michael and Bonnie were passengers in the automobile at the time of the collision.
Mrs. Smith, driver of the other automobile, was also a resident of Donna Villa Subdivision. While proceeding up Grant Street at fifteen or twenty miles an hour, she stated that she had seen the Veith vehicle approaching the corner, but, because it appeared to be stopping, she continued towards the intersection. She did not notice the Veith vehicle again until she had entered the intersection, just moments before the collision.
Since the court a qua held both drivers contributorily negligent, both have argued a lack of negligence on appeal. Therefore, the task of this court is to determine whether either driver should be held free from negligence.
Plaintiff argues that she should be granted the right of way due to her having preempted the intersection. Right of way, based on preemption, is determined by one motorist reaching an uncontrolled intersection before another and that motorist being able to traverse the intersection safely, even though the other would have had the right-of-way had they both reached the intersection at approximately the same time. While we agree that plaintiff reached the intersection first, we find that she failed to carry out the necessary precautions prerequisite to the right of preemption.
Sanford v. Thompson, La.App., 174 So.2d 865, outlines the duty incumbent on the motorist seeking to avail himself of the right of preemption:
“ ‘Overlaying the conditions of preemption is the requirement that one entering an intersection from a less favored street do so with extra care and caution, and that the essential conditions of pre-emption which must be met by one pleading pre-emption are: (1) That a driver entering a favored street must regard the oncoming traffic, appraise the situation and govern himself accordingly; (2) That he must have entered the intersection first; and (3) That he must have entered the intersection with a reasonable opportunity and expectation of clearing the intersection without impeding' the crossing thereof by other vehicles. See: Reinninger v. Delta Fire & Casualty Co. (La.App. 1958) 106 So.2d 746.” Sanford v. Thompson, supra at pages 867-868. (Emphasis supplied)
We cannot conclude that Mrs. Veith preempted the intersection. Her testimony reveals that although she stopped and looked before entering the intersection, she failed to observe any other vehicles approaching *675 the crossing. She stated that she had a clear view in the direction of the Smith vehicle, but she failed to observe it even though clearly it must have been in sight. Thus, her right to claim preemption is lost because she failed to make certain that she could clear the intersection safely. The well settled rule applicable to this situation is that a motorist is held to have seen what she should have seen, according to the physical evidence of the situation. Thus, although Mrs. Veith entered the intersection first, as determined by the trial court, she. did so without properly ascertaining that she could clear the intersection safely. We must find her negligent, as did the district judge, and her claim of right of way on the basis of preemption is unfounded.
Mrs. Smith, driver of the other vehicle, was likewise negligent in her approach to this intersection. Although normally she would have had right of way as the automobile approaching an uncontrolled intersection from the right, she was nevertheless negligent in that she failed to take the necessary precautions in observing other traffic. Mrs. Smith stated that she observed the Veith vehicle as it reached the intersection, and it appeared to be slowing down to stop. In continuing her progress toward the intersection and through it, Mrs. Smith did not again look to the Veith vehicle until the moment of the collision. Mrs. Smith assumed the Veith vehicle would stop at the intersection and she continued her progress through the intersection. Because of this assumption and a lack of continued observation, we feel Mrs. Smith acted in a negligent manner which contributed to the fault involved in this collision. Thus, Mrs. Smith has failed to exercise the necessary care to absolve herself of contributory negligence.
The duty of the driver in the favored street is explained in Smith v. Borchers, 243 La. 746, 146 So.2d 793 at 797:
“Even when one has the right of way he is not relieved from the necessity of looking into the direction from which others may be expected to come, and where such care would have prevented the accident, he who fails to look or to keep a proper lookout cannot recover, even though the other party was grossly at fault. Martin v. Adams, La.App., 88 So.2d 476.”
And on page 798, the court made the following observation:
“The intersecting streets involved in this case, Nighthart and Pressburg, are of equal dignity as noted in our opinion. Therefore, it was incumbent upon plaintiff to use reasonable care in her approach to the intersection including, of course, the duty to exercise a proper lookout, as R.S. 32:237 did not grant plaintiff a general right-of-way over vehicles on Nighthart approaching from her left but only over such vehicles which approached or entered the intersection at ‘approximately the same time’ as plaintiff.
“The degree of care required of a driver approaching an intersection from the right when the streets are of equal dignity, is much greater than that imposed on a driver approaching an intersection on a favored or right-of-way street, or on a favorable traffic semaphore. In the latter instances, he need exercise only slight care as he is entitled to assume that cross traffic will comply with the law and yield the right-of-way. But, when the intersecting streets are of equal dignity, a motorist has the duty of ascertaining, before he can claim the right to proceed accorded by R.S. 32:237, whether he has arrived or entered the intersection at about the same time as the vehicle, as cross traffic reaching the intersection first (provided it did not get there as a result of excessive speed) has the right to enter, preempt and complete the crossing notwithstanding the fact that there are other vehicles within the vicinity of the intersection approaching it from the right. The privilege accorded by R.S. 32:237 is a conditional one, a right *676 entirely dependent upon the location of other traffic approaching the intersection.”
Thus we must hold Mrs. Smith guilty of contributory negligence in that she failed to observe the movement of an automobile which had reached an intersection before her. If the automobiles reached the intersection at the same time, Mrs. Smith would have had the right of way, but from the facts in the record, Mrs. Smith should have been aware that the other'vehicle'may have gained the right of way by preemption and she has a duty to observe its progress based upon this apparent right.
Defendants have cited Theunissen v. Guidry, 244 La. 631, 153 So.2d 869, as authority for relieving Mrs. Smith of negligence, but we do not find this case applicable to the situation before us. The two cars in Theunissen v. Guidry were found to have reached the intersection at approximately the same time and, if the favored driver had seen the other vehicle, there was no showing that he could have avoided and prevented the accident. This is not the situation before us; Mrs. Smith’s own testimony reveals that she saw the Veith automobile at the intersection before her. We feel, therefore, that had she maintained the proper lookout, she could have avoided the accident.
Plaintiff has asked for an increase in damages for the use and benefit of her minor children. We feel the award of $150.00 for the moderate sized hematoma received by Michael Edward Veith was adequate reparation for. the pain and suffering involved in this type injury. We likewise concur in the award of $150.00 made to Edward George Veith, Jr. for moderate injuries and pain resulting from the accident. Bonnie Therese Veith sustained injuries which included multiple contusions and a hematoma of the right side of the face, right shoulder and left knee. These injuries were superficial and healed normally. She also suffered an undisplaced fracture of the right clavicle which required an immobilization splint. Alignment and healing of this fracture progressed normally and the immobilization splint was removed after three weeks. No cosmetic damage resulted from this injury. For these injuries the lower court awarded her only $550.00. We feel, however, that an award of $1,000.00 should be given in reparation for the injuries she received. . In reaching this amount we have given due consideration to the length of time the little girl was under treatment and the pain and general discomfort she endured. Thus, the judgment of the court a qua is to be increased to this amount, but in all other respects the judgment is affirmed.
All costs of this appeal are taxed to defendants-appellees.
Amended and, as amended, affirmed.