# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 11-190


## CONTINUING TUTORSHIP OF MITCHELL LAYNE FRANQUES



**********


APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. P-24-99
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

**********

## BILLY HOWARD EZELL
## JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Shannon J. Gremillion, Judges.



**AFFIRMED.**

**David Emile Marcantel**
**P. O. Drawer 1366**
**Jennings, LA 70546**
**(337) 824-7380**
**Counsel for Appellant:**
**Earline Landry**

**Concepcion Otero**
**Advocacy Center**
**1010 Common St., Suite 2600**
**New Orleans, LA 70112-2429**
**(504) 522-2337**
**Counsel for Appellee:**
**Mitchell Lane Franques**

**EZELL, Judge.**

The issue presented by this case is whether a permanent tutrix has the authority to decide the residence and living arrangements of her charge who is over the age of eighteen.

## FACTS

Mitchell Franques was born on July 21, 1981. Earline and Robert Landry, Mr. Franques' aunt and uncle, petitioned for a continuing tutorship in February 1999, after the death of his parents. They based their petition on the fact that Mr. Franques possessed less than two-thirds the average mental ability of a normal child the same age. On February 9, 1999, a judgment was signed ordering that Mr. Franques be placed under a continuing tutorship. Ms. Landry was appointed tutrix, and Mr. Landry was appointed undertutor. At that time, Mr. Franques was seventeen years old.

Mr. Franques was moved to DeRidder in 2000 to live in a place where he could learn to live on his own. On July 29, 2010, a rule to show cause was filed by Ms. Landry seeking to move Mr. Franques to a different care facility closer to their home to make their supervision of him easier. Mrs. Landry asserted that Southern Home Care Services, doing business as ResCare, would not allow them to remove Mr. Franques from their facilities.

On August 31, 2010, Mr. Franques filed a petition of intervention opposing the move. He asserted that he is the one that does not want to move. Citing several reasons for wanting to remain in DeRidder, Mr. Franques stated that he has worked at Burger King for approximately nine years and is currently an assistant manager trainee. Mr. Franques also indicated that he has established friendships and a relationship. He was twenty-nine years old at the time of the filing of his petition and argued that pursuant to La.Civ.Code art. 359, he has the legal capacity of an emancipated minor with the "power of administration." Mr. Franques argues that

there is no limitation placed on his right to live where he chooses since he has not been interdicted.

The trial court heard the matter on October 12, 2010. After hearing argument from counsel, the trial court ruled that Mr. Franques could live where he chose and denied the transfer. Judgment was signed on November 8, 2010. Mrs. Landry appeals the decision of the trial court.

## DISCUSSION

Mrs. Landry argues that as Mr. Franques' tutrix she has the authority to decide where his residence will be located and to forcibly move him from his place of residence in DeRidder. Mrs. Landry claims that if Mr. Franques is able to decide where he will live, then there would never be any reason to do a permanent tutorship.

The Civil Code articles regarding the continuing tutorship of a mentally retarded person are found in La.Civ.Code arts. 354-362. Louisiana Civil Code Article 358 confers the authority, privileges, and duties of tutor of a continuing tutorship and provides that "same authority, privileges, and responsibilities as in other tutorships, including the same authority to give consent for any medical treatment or procedure, to give consent for any educational plan or procedure, and to obtain medical, educational, or other records".

Louisiana Civil Code Article 359 places restrictions on the legal capacity of the mentally retarded person as follows:

> The decree if granted shall restrict the legal capacity of the mentally retarded person to that of a permanent minor, except that after the age of eighteen the retarded person, unless formally interdicted, shall have the legal capacity of a minor who has been granted the emancipation conferring the power of administration as set forth in Chapter 2, Section 2 of this book and title.

Mr. Franques relies on Article 359 claiming that when he became eighteen years old, he had the power to decide where he would reside because he had the legal capacity of a minor who had been emancipated with the power of administration. In

response, Mrs. Landry argues that there is no such thing as emancipation conferring the power of administration because Chapter 2, Section 2 as referred to in Article 359 was repealed by the revision of the emancipation articles by Acts 2008, No. 786, § 1, effective January 1, 2009.

The prior law providing for emancipation conferring the power of administration provided that it could be accomplished by notarial act or by reason of ill treatment. Former La.Civ.Code arts. 366 and 368. A minor emancipated by these means had full administration of his estate. Former La.Civ.Code art. 370. Certain limitations were placed on the full administration powers. Former La.Civ.Code arts. 371–374. The emancipation could be revoked when the minor contracted engagements which exceeded the limits prescribed by law. Former La.Civ.Code arts. 377-378.

The new law now provides for a judicial emancipation and emancipation by authentic act instead of emancipation conferring the power of administration. Emancipation by marriage was also retained. Under the new law, a judgment of emancipation may provide for full emancipation conferring all effects of majority or for limited emancipation which confers the effects of majority as specified in the judgment. La.Civ.Code art. 366. The authentic act of limited emancipation specifies the kinds of juridical acts that the emancipated minor shall have the capacity to make with all other effects of minority continuing. La.Civ.Code art. 368.

Mr. Franques became eighteen years old on July 21, 1999. At that time, by law, Mr. Franques had the legal capacity of a minor who has been granted emancipation conferring the power of administration because Mr. Franques had never been formally interdicted. Louisiana Civil Code Article 6 provides that "substantive laws apply prospectively only" unless the legislature has declared otherwise. There is no such declaration in this case. Contrarily, the Act states that the effective date of the new emancipation statutes is January 1, 2009.

4

It is obvious that the amended statues on emancipation would necessarily divest Mr. Franques of vested rights he obtained when he reached age eighteen. Therefore, we will apply the law as it was in previously set forth in La.Civ.Code arts. 366-378, when Mr. Franques turned eighteen.[1]

In *In re Greer*, 184 So.2d 104 (La.App 4 Cir. 1966), the court held that a minor emancipated by marriage remains emancipated if widowed before the age of majority because this emancipation may not be revoked. The court held that the widow did not revert to her previous legal inability to contract.

Similarly, an emancipation conferring the powers of administration can only be revoked when the minor has contracted engagements which exceed the limits prescribed by law. Former La.Civ.Code art. 377. There is no evidence in the record that Mr. Franques has exceeded any contractual limits placed on him by the law.

Ms. Landry also argues that the law is clear that the domicile of a person under a continuing tutorship is that of his tutor. La.Civ.Code art. 43. "The domicile of a natural person is the place of his habitual residence." La.Civ.Code art. 38. Pursuant to former La.Civ.Code art. 373, the authority of a tutrix for an emancipated minor who has only the power of administration of his estate continues for the purpose of alienating, affecting, or mortgaging any of his immovable property.

In *Succession of Caprito*, 468 So.2d 561 (1985), the supreme court recognized that an interdict can acquire a domicile in another state when he has sufficient mentality to do so. Similarly, Mr. Franques has the capacity of a minor who has been granted emancipation with the powers of administration. According to former

---

[1] Obviously, emancipated minors can still have the power of administration under the new law. However, it is only the specific powers of administration that are specified in an authentic act or in a judgment. In making changes to the emancipation law, the legislature made no changes to La.Civ.Code art. 359. Article 359 contemplates a mentally retarded person having some administration rights unless he is interdicted. Previously, these powers were the same as an emancipated minor with the power of administration. As of January 1, 2009, the effective date of the new emancipation law, it is unclear what those powers should be now for a mentally retarded person who has reached age eighteen after this effective date and has not been interdicted. This is a situation the Legislature must address.

La.Civ.Code art. 373, the authority of tutor or undertutor only continues as it concerns any immovable property that Mr. Franques may own. Since he has the capacity to make administrative decisions, he certainly has the capacity to determine where he will live.

For these reasons, we find that the trial court was correct in ruling that Earline Landry, tutrix of Mitchell Franques does not have the authority to move Mr. Franques from his place of residence. Costs of this appeal are assessed to Earline Landry.

**AFFIRMED.**